FRED N. VARN, PLAINTIFF IN ERROR, VS. ASA D. ALDERMAN, DEFENDANT IN ERROR.

Where a county court is organized in a county as authorized by the constitution, such court has jurisdiction of a suit in that county to recover upon a written obligation for the payment of money, where the demand involved does not exceed $500, and

the Circuit Court of that county has no jurisdiction to entertain original jurisdiction of that suit so long as the county court exists in that county, even though the cause of action sued upon accrued prior to the organization of the county court·

Writ of Error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the Court.

*Jefferson Varn*, for Plaintiff in Error. ·

*J. L. Albritton*, for Defendant in Error.

CARTER, J.:

It appears from the abstract of the record in this case that on April 6th, 1895, defendant in error began an action at law against plaintiff in error and one. Kline O. Varn, in the Circuit Court of Polk county, to recover upon a written obligation for $250, dated February 4, 1892, due six months after date, with interest at twelve per cent. per annum, and upon a stipulation in the note to pay attorney fees, the total amount claimed in the declaration being $400; that the defendants filed their plea to the jurisdiction of the court alleging that on May 30 1893, a county court was created in Polk county which has exclusive cognizance of all actions at law where the amount does not exceed $500; that the amount sued for by plaintiff did not exceed said sum; that plaintiff demurred to said plea on the ground that the records in the case show upon the face thereof that the cause of action accrued prior to the establishment of the county court of Polk county; that this demurrer was

sustained, and thereafter plaintiff in error filed his demurrer to the declaration, which upon argument was overruled; that thereafter plaintiff in error filed his pleas to the declaration denying that he executed said obligation or ratified the signing and delivery thereof, and alleging that there was no valid consideration for the execution of the same, upon which pleas issue was joined and a trial was had, resulting in a · verdict for plaintiff in the sum of $356.32; that defendants thereupon entered their motion in arrest of judgment on the ground that the court had no jurisdiction to try the cause or to enter judgment therein; that said motion was overruled and judgment entered upon the verdict in favor of defendant in error, and against plaintiff in error, from which judgment this writ of error was taken.

The judgment does not purport to dispose of the case as to Kline O. Varn, and so far as is disclosed by the abstract, the case is still pending as to him.

The assignment of errors questions the propriety of the rulings upon the demurrer to the plea and the motion in arrest of judgment, and it is argued in this court, among other things, that the Circuit Court of Polk county was without jurisdiction to try the cause.

By section 11, Article V, constitution of 1885, it is provided, among other things, that "the Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment or toll, of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts, and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide. They shall

have final appellate jurisdiction in all civil and criminal cases arising in the county court."

By section 18 of the same Article it is provided that "the legislature may organize in such counties as it may think proper, county courts, which shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements and of misdemeanors, and final appellate jurisdiction in civil cases arising in courts of justices of the peace" By section 22 of the same Article "the justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed one hundred dollars, and in which the cause of action accrued, or the defendant resides in his district." Under these provisions of the constitution, where no county court has been organized in a county, the Circuit Court of that county has jurisdiction of cases at law like the present one, to-wit: to recover upon written obligations for the payment of money where the demand is more than one hundred dollars—under that clause which gives it exclusive original jurisdiction in all cases at law not cognizable by inferior courts. But when a county court has been organized in that county, such court under the constitution has jurisdiction of all cases where the demand involved does not exceed $500.00, and jurisdiction is withdrawn from the Circuit Court for the reason that the case is then cognizable by an inferior court. There is no other clause granting jurisdiction to the Circuit Court under which it can assume jurisdiction of such a case unless it be within the power of the legislature to give it jurisdiction concurrent with the county court under the clause "and of such other matters as

the legislature may provide," as to which we express no opinion in this case.

By Chapter 4221, laws of 1893, a county court was organized in and for Polk county, its officers, terms and mode of procedure provided for, and its jurisdiction defined as follows: "The said court shall have jurisdiction of all cases at law in which the demand or value of the property involved shall not exceed five hundred dollars; of proceedings relating to the forcible entry and unlawful detention of lands and tenements, and of all misdemeanors, and final appellate jurisdiction in civil cases arising in courts of justices of the peace." There is no provision of law which undertakes to grant jurisdiction to the Circuit Court of Polk county of cases properly cognizable by the county court of that county concurrently or otherwise, and the court below erred in its rulings upon the question of jurisdiction.

The demurrer to the plea sought to sustain the jurisdiction upon the ground that the cause of action sued upon accrued prior to the organization of the county court. This contention is disposed of adversely to defendant in error by the decision of McNealy v. Gregory, 13 Fla. 417, where it is said that the courts of this State derive their jurisdiction from the State constitution; that they can not assume jurisdiction not granted, or which is denied, although the effect may be that the obligation of a contract can not be enforced, and that the jurisdiction of the courts is no part of the obligation of a contract. To deny jurisdiction in the Circuit Court in the present case does not have the effect to prevent the enforcement of the contract, for the county court had ample power to entertain proceedings for that purpose.

The judgment is reversed and the cause remanded

for further proceedings conformable to law and consistent with this opinion.