GEORGIA, FLORIDA AND ALABAMA RAILWAY COMPANY, A
CORPORATION, *Plaintiff in Error*, v. J. M. ANDREWS, *Defendant in Error.*

1. When live stock have been killed by a train of a railroad
company and the conditions exist under which the statute
authorizes judgment to be rendered "for double the damage
found to be due," the double damages actually and in good
faith claimed under the statute, constitute the amount of the
demand for purposes of determining the jurisdiction of the
court.

2. While an ambiguous pleading when tested should be construed
against the pleader; after judgment all reasonable intendments should be indulged to support the pleading and the
judgment thereon.

3. An allegation that on or about a given date one three-fourth's
Jersey cow, one-half blood Jersey cow and one calf were killed
by the defendant company's train, may after judgment be
fairly construed as alleging the three animals to have been
killed at the same time.

4. Where the value of several animals killed at one time is such
that the double damages claimed therefor are within the
amount necessary to the jurisdiction of the court, the judgment is not rendered void merely because other items too
small to be severally within the jurisdiction of the court
were included in the action and in the judgment. If the inclusion of such items is error, proper steps should be taken to
eliminate them before judgment.

This case was decided by Division A.

Writ of error to the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the
court.

*Neeley & Simmons* and *W. H. Ellis,* for Plaintiff in Error;

*Fred T. Myers* and *W. C. Hodges,* for Defendant in Error.

WHITFIELD, C. J.—The defendant in error brought an action in the circuit court for Leon county against the railroad company to recover damages for stock killed by the defendant's train. It is alleged that on or about March 1st, 1909, one spotted sow of the value of $4.00 was killed; that on or about August 1st, 1909, a black barrow of the value of $4.00 was killed; that on or about September 15th, 1909, one three quarter Jersey cow of the value of $25.00, one half blood Jersey cow of the value of $20.00, and one calf of the value of $10.00 were killed; that on or about December 13th, 1909, one sheep of the value of $3.00 was killed, making an aggregate of $66.00; that under the statute allowing double damages for stock killed when the track is not fenced as required by law, the plaintiff claims $132.00 damages, and also attorney fees under the statute.

At the trial the following verdict was rendered: "We the jury find verdict for the plaintiff.

| | | | | |
|---|---|---|---|---|
| One three fourths Jersey cow value | | | | $25.00 |
| One one-half | ” | ” | ” | 20.00 |
| One calf | | ” | | 8.00 |
| One sow | | ” | | 4.00 |
| One Barrow value | | | | 4.00 |
| ” Sheep ” | | | | 3.00 |
| | | | Total | $64.00 |

So say we all,

P. T. Mickler, Foreman."

Judgment was rendered for $120.00 damages and attor-

ney fees and costs. On writ of error taken by the defendant railroad company it is contended that the judgment is void because the court had no jurisdiction of the claims severally and they could not be joined in one action to give jurisdiction to the circuit court.

The constitution provides that "the justices of the peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100.00." "The Circuit Courts shall have exclusive original jurisdiction * * * in all cases at law not cognizable by inferior courts * * * and of such other matters as the legislature may provide." Section 11, and amended section 22, Art. V.

When live stock have been killed by a train of a railroad company and the conditions exist under which the statute authorizes judgment to be rendered "for double the damage found to be due," the double damages actually and in good faith claimed under the statute, constitute the amount of the demand for purposes of determining the jurisdiction of the court. Louisville & N. R. Co. v. Sutton, 54 Fla. 247, 44 South. Rep. 946, 127 Am. St. Rep. 147.

While an ambiguous pleading when tested should be construed against the pleader, after judgment all reasonable intendments should be indulged to support the pleading and the judgment thereon. Kirton v. Atlantic Coast Line R. Co., 57 Fla. 87, 88, 49 South. Rep. 1024, 1026.

The declaration in this case does not appear to have been tested by demurrer or appropriate motion, and the only contention here is that the judgment is void for want of jurisdiction in the court.

The declaration alleges that on or about September 15th, 1909, one three-quarter Jersey cow of the value of $25.00, one-half blood Jersey cow of the value of $20.00 and one calf of the value of $10.00 were killed by the defendant's train. The allegations of the declaration are such that

after judgment they may be fairly construed to show these three animals to have been killed at the same time. This one claim for stock killed at the same time aggregates $55.00, and double damages being expressly claimed, the amount of this one demand is $110.00, sufficient to give jurisdiction to the Circuit Court.

The judicial power of the Circuit Courts extended to this demand, and as the court had jurisdiction of this subject matter and of the parties, the judgment is not void.

Even if the demands for the other stock killed were improperly joined with this demand of which the court had jurisdiction, the validity of the judgment is not thereby affected, and no application was made to have the added items excluded before judgment.

As the declaration alleges that "on January 8th, 1910, and on divers days before that time, the plaintiff gave notice in writing to the general manager of the said defendant and demanded payment of the value of the said live stock, but the defendant refused to pay the same," and as the transcript does not contain a bill of exceptions, showing how and when the demands for payment were made, or the value of the stock, it must be assumed that the several amounts set out in detail in the verdict were properly found upon sufficient evidence, and that the amount of the judgment entered is correct. While an aggregate in damages is claimed, the several items that make up the amounts are specifically alleged and the findings thereon are separately stated in the verdict, which findings are not inconsistent with the declaration, and the judgment is in accord with the findings, double damages not being allowed for the calf found to be worth $8.00, and not $10.00 as claimed.

The judgment heretofore rendered herein is vacated and the judgment of the Circuit Court is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.