W. S. BURKHART, *Plaintiff in Error*, v. J. I. GOWIN, *Defendant in Error*.

Opinion Filed November 5, 1923.

1. The organic limitations as to jurisdiction cannot be violated by splitting demands or by aggregating demands that are in fact not joint or composite, and that are in no way related, but are wholly distinct and several in their character.

2. The word "demand" as used in the organic limitations as to jurisdiction means the amount of a claim that may properly be and is duly put in controversy by the plaintiff. "The demand" referred to in the Constitution is single, and does not authorize the joinder of distinct, substantive causes of action to confer jurisdiction.

3. Several causes of action between parties litigant, each of which causes of action is within the jurisdiction of the court, may be joined in one action (See Sec. 2585, Rev. Gen. Stats. 1920); and several claims, no one of which is in amount within the jurisdiction of the court may be aggregated to confer jurisdiction, *if* the claims from their nature or character are joint or composite or are in some way related to each other or arise out of the same transaction or circumstances or occurrence, and the sum of the claims makes the requisite jurisdictional amount. But where substantive claims are not in their nature or character joint or composite, and do not arise out of the same transaction, circumstances or occurrence and are not consequent upon a continuous course of dealing as evidenced by an open account or a continuing contract or other appropriate means, and the claims are in no way related, but are several, distinct and wholly independent demands, whether *ex contractu* or *ex delicto*, they may not be aggregated to give jurisdiction, as this would violate the organic limitations as to jurisdictional amounts.

This case was decided by Division B.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Affirmed.

*Lilburn R. Railey,* for Plaintiff in Error;

*R. H. Seymour,* for Defendant in Error.

WHITFIELD, P. J.—The declaration and exhibits herein filed October 11, 1920, are as follows:

"In Circuit Court Eleventh Judicial Circuit of Florida, in and for Dade County.

W. S. Burkhart, Plaintiff, vs. J. I. Gowin, Defendant.— Declaration.

"Now comes the plaintiff, W. S. Burkhart, by his attorney, Lilburn R. Railey, and brings this his suit against the defendant, J. I. Gowin, for that,

"Whereas, the defendant on the 14th day of December, 1918, by his promissory note now overdue promised to pay to the order of the plaintiff, W. S. Burkhart, on or before three months after date of said note the sum of $250.00, together with the interest thereon at the rate of eight per cent. per annum from date thereof until fuly paid, but did not pay same. Copy of note is hereto attached, marked Exhibit 'A' and made a part hereof.

"SECOND COUNT

"And the plaintiff further sues the defendant for that,

"Whereas, the defendant on the 1st day of February, 1919, by his promissory note, now overdue, promised to pay to the order of the plaintiff, W. S. Burkhart, sixty days

after date thereof, the sum of $253.33, together with the interest thereon from date thereof until fully paid, but did not pay same. Copy of said note is hereto attached, marked Exhibit 'B' and made a part hereof.

## "THIRD COUNT

"And the plaintiff further sues the defendant for that,

"Whereas, the defendant on the 1st day of February, 1920, by his promissory note of said date, now overdue, promised to pay to the order of the plaintiff, W. S. Burkhart, June 1st, next, after date of said note, the sum of $100.00, together with the interest thereon at the rate of eight per cent. per annum from date until paid, but did not pay same. Copy of said note is hereto attached, marked Exhibit 'C' and made a part hereof.

## "FOURTH COUNT

"And the plaintiff further sues the defendant for that,

"Whereas, the said defendant by each of said notes set forth in counts, one, two and three of this declaration, promised that in case same were not paid at maturity and same were placed in the hands of an attorney for collection or suit was brought thereon, to pay a reasonable attorney's fee for bringing said suit or making such collection, and the plaintiff avers and says that neither of said notes were paid at maturity thereof and that all of said notes were past due and unpaid and that all of said notes have been placed in the hands of an attorney for collection and suit has been brought thereon and that a reasonable attorney's fee for bringing said suit is $200.00.

"Wherefore, on account of the matters set forth in the foregoing counts numbered one to four, both inclusive, the plaintiff brings this his suit and alleges his damages in the sum of $1,500.00.

LILBURN R. RAILEY,
Attorney for Plaintiff.

''Exhibit 'A'

No.......  $250.00        Miami, Florida, Dec. 14, 1918.

''On or before three months after date, for value received I promise to pay to the order of W. S. Burkhart Two Hundred and fifty and no/100 Dollars at the Fidelity Bank & Trust Co. of Miami, Florida, with interest thereon at the rate of 8 per cent. per annum from date until fully paid. Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest, and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred interest payments to bear interest from maturity at 10 per cent. per annum, payable semi-annually.

                              J. I. GOWIN,    (Seal)

Due............................19....

''Exhibit 'B'

No. ...... $253.33.        Miami, Florida, Feb. 1st, 1919.

''Sixty days after date, for value received, I promise to pay to the order of W. S. Burkhart, Two Hundred and fifty-three 33/100 Dollars at the FIDELITY BANK & TRUST CO., of Miami, Florida, with interest thereon at the rate of ...... per cent. per annum from .......... until fully paid. Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest, and in case suit shall be brought for the collection thereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred interest payments to bear interest from maturity at 8 per cent. per annum, payable semi-annually.

Due Apr. 2, 1919.              J. I. GOWIN, (Seal)

"Exhibit 'C'

$100.00.                    Miami, Fla., Feb. 1, 1920.

"June 1 next after date, for value received, . . . . . . . . . .
promise to pay to the order of Dr. W. S. Burkhart One
Hundred Dollars at Fidelity Bank & Trust Co. with inter-
est thereon at the rate of 8 per cent. per annum from . . . . .
until fuly paid.   Interest payable semi-annually.   The
maker and endorser of this note further agree to waive
demand, notice of non-payment and protest; and in case
suit shall be brought for the collection thereof, or the same
has to be collected upon demand of an attorney, to pay
reasonable attorney's fees for making such collection. De-
ferred interest payments to bear interest from maturity at
. . . . . . per cent. per annum, payable semi-annually.

Due June 1, 19''.                    J. I. GOWIN, (Seal).

The court made the following final order:

"This cause coming on to be heard after being set down
for hearing upon the demurrer of plaintiff to the pleas
of defendant, and the court, after an inspection of the rec-
ord and proceedings in said cause, being of the opinion
that the court is without jurisdiction of the subject matter
of said suit because the court is of the opinion that each
of the notes sued on herein constitutes separate and dis-
tinct causes of action each in itself, and none of said notes
being in a sufficient sum to confer jurisdiction upon this
court, therefore, it is ordered by the court, of its own mo-
tion, that said cause be and the same is hereby dismissed.

"And it is further ordered that the writ of garnishment
issued in this cause be and the same is hereby dismissed,
and that the goods, chattels or money, if any, of the defend-
ant, held in the hands of the garnishee, or the sureties
upon the bond given by the defendant, to release his goods,
chattels, money or effects from the said writ of garnish-

ment, shall upon demand be delivered to the defendant by whoever has possession of same.

"It is further ordered that the bond given by the defendant to secure the release of his property from the operation of the writ of garnishment be and the same is hereby discharged, and the defendant and the sureties thereon released from liability thereon."

There is in Dade County a County Court which has jurisdiction "of all cases of law in which the demand or value of the property involved shall not exceed five hundred dollars." Sec. 18, Art. V, Constitution of Florida; Sec. 3325, Rev. Gen. Stats. 1920; Chap. 4434, Acts of 1895.

By Section 11, Art. V, of the Constitution, it is provided that "The Circuit Courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law not cognizable by inferior courts."

While the total amounts of several claims may constitute the jurisdictional "demand," where all such claims arise out of the same transaction or occurrence, or where all such claims are from their nature, in reality joint and not several (See Livingston v. L'Engle, 27 Fla. 502, 8 South. Rep. 728; Georgia, F. & A. R. Co. v. Andrews, 61 Fla. 246, 54 South. Rep. 461; Ring v. Merchants' Broom Co., 68 Fla 515, 67 South. Rep. 132), yet where each of such claims is a separate and unrelated demand, they cannot be joined to give jurisdiction to a court which has not jurisdiction of any one of the claims because each is below the amount of the demand required to give jurisdiction to such court. Director General of Railroads v. Wilford, 81 Fla. 430, 88 South. Rep. 256.

Under the above quoted organic provisions a County Court having been established in Dade County, it has jurisdiction where the "demand" does not exceed $500.00 in amount; and while the Circuit Courts are given "exclusive

original jurisdiction in all * cases at law, not cognizable by inferior courts," they have not been given original jurisdiction of assumpsit actions at law that are "cognizable by inferior courts." See State *ex rel.* Birmingham Trust & Savings Co. v. Reeves, 44 Fla. 179, 32 South. Rep. 814; Ferrell v. Reed, 60 Fla. 62, 53 South. Rep. 935; Varn v. Alderman, 42 Fla. 378, 29 South. Rep. 323. The organic limitations as to jurisdiction cannot be violated by splitting demands or by aggregating demands that are in fact not joint or composite, and that are in no way related, but are wholly distinct and several in their character. The word "demand" as used in the organic limitations as to jurisdiction means the amount of a claim that may properly be and is duly put in controversy by the plaintiff. "The demand" referred to in the constitution is single, and does not authorize the joinder of distinct, substantive causes of action to confer jurisdiction. Director General of Railroads v. Wilford, 81 Fla. 430, 88 South. Rep. 256. Several causes of action between parties litigant, each of which causes of action is within the jurisdiction of the court, may be joined in one action (See Sec. 2585, Rev. Gen. Stats. 1920); and several claims, no one of which is in amount within the jurisdiction of the court, may be aggregated to confer jurisdiction, *if* the claims from their nature or character are joint or composite or are in some way related to each other or arise out of the same transaction or circumstances or occurrence, and the sum of the claims makes the requisite jurisdictional amount. See 15 C. J. 771. But where substantive claims are not in their nature or character joint or composite, and do not arise out of the same transaction, circumstances or occurrence and are not consequent upon a continuous course of dealing as evidenced by an open account or a continuing contract or other appropriate means, and the claims are in no way related,

but are several, distinct and wholly independent demands, whether *ex contractu* or *ex delicto*, they may not be aggregated to give jurisdiction, as this would violate the organic limitations as to jurisdictional amounts.    See 11 Cyc. 778; 7 R. C. L. 1055, Sec. 91.

For example: successive obligations to pay rent or other items growing out of a contract or lease of land (See Livingston v. L'Engle, 27 Fla. 502, 8 South. Rep. 728) and open accounts containing many small items (15 C. J. 771), or claims for several head of live stock killed *in the same* railroad accident (See Georgia, F. & A. R. Co. v. Andrews, 61 Fla. 246, 54 South. Rep. 461; 15 C. J. 771) may be aggregated to give jurisdiction without violating the organic provisions as to jurisdictional amounts. But separate, unrelated, distinct and wholly independent demands, as promissory notes given for wholly unrelated and separate items of indebtedness, as is apparently the case in this action, where there is nothing in the notes or in the pleadings to how a composite or other relation between the notes that were given at different times, or where live stock are killed at different times, as in Director General of Railroads v. Wilford, 81 Fla. 430, 88 South. Rep. 256; such demands being separate and unrelated and within the jurisdiction of a lower court, may not be joined or aggregated to make up the amount to give jurisdiction to a superior court.    See 7 R. C. L. 1055; American Soda Fountain v. Battle, 85 Ark. 213, 107 S. W. Rep. 672; Carroll County Bank v. State, 95 Ark. 194, 128 S. W. Rep. 1042; Winer v. Bank of Blytheville, 89 Ark. 435, 117 S. W. Rep. 232, 131 Am. St. Rep. 102; 187 Mo. App. 469; 222 U. S. 39.

In some jurisdictions the matter is regulated by statute. See Martin v. Goods, 111 N. C. 288, 16 S. E. Rep. 232;

Johnson v. Cooke, 85 Conn. 679, 84 Atl. Rep. 97; 15 C. J. 770. See Wilson v. Sparkman, 17 Fla. 871.

The demands alleged in the declaration in this case, apparently are separate and unrelated, and each demand is below $500.00 and consequently is within the jurisdiction of the County Court. As Circuit Court had jurisdiction only of such cases at law as are "not cognizable by inferior courts," the County Court and not the Circuit Court had jurisdiction in the premises. See Varn v. Alderman, 42 Fla. 378; 64 Fla. 513.

The intermediate pleadings between the declaration and the final order of dismissal do not appear in the transcript of the record brought here; and as no error is made to appear, the order of dismissal is affirmed.

WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.