CARROLL, CHAS., Judge.
The appellee Barney Devine filed an action at law in the circuit court in Dade County seeking damages on an overdue promissory note for $2,700, and on an unpaid loan of $1,500, plus interest and attorney fees. From a judgment for the plaintiff the defendants appealed.
The note was alleged to have been given "on or about the first day of June, 1954.” The $1,500 loan was alleged to have been made on August 8, 1958. Regarding the loan the complaint stated as follows:
“That on or about the 8th day of August, 1958, the defendants under the assumed trade name of Continental Designs, and under the same terms and conditions as the promissory note heretofore described, borrowed the sum of One Thousand Five Hundred ($1,500.-00) Dollars, which sum was to be repaid within a reasonable time thereafter.
“That on or about the 7th day of October, 1958, payment of said sum was duly demanded of the defendants and no part thereof has been paid.”
The trial of the cause without a jury resulted in the following judgment:
“This Cause coming on for trial before the Court, without jury, on March 3, 1960, upon the complaint of the plaintiff herein, against the defendants, Attilio G. Canónico and Mary E. Canónico, jointly and severally, and Attilio G. Canónico and Mary E. Can-ónico, d/b/a Continental Designs, and this Court having heard the testimony and heard the evidence offered by each of the parties hereto, and having heard argument of counsel for each party, and the Court having found for the plaintiff, it is
“Considered, Ordered and Adjudged:
“1. That the plaintiff, Barney De-vine, do have and recover of and from the defendants, Attilio G. Canónico and Mary E. Canónico, jointly and severally, and Attilio G. Canónico and Mary E. Canónico, d/b/a Continental Designs, the sum of $2,700.00 together *321 with compounded interest at the rate of 10% per annum from the date of the promissory note executed by the said defendants herein, said interest being determined in the amount of $1,858.17, together with attorney’s fees in the amount of $455.81; that plaintiff further recover the sum of $1,500.00, together with costs in this behalf expended and herein taxed at $34.50, a sum total of $6,548.48, for all of which let execution issue.”
At the time of filing a motion for new trial, the defendants filed a motion suggesting the insufficiency of the amount in controversy and seeking dismissal of the cause for want of jurisdiction. That motion and the motion for new trial were denied. The assignments of error were directed to this jurisdictional question. Appellants argued that the complaint included two unrelated demands, neither of which met the minimum jurisdictional amount of the circuit court, and that the two demands combined, exclusive of interest and costs, were less than required.
The jurisdiction of the circuit court in Dade County in actions at law is of those cases where the matter in controversy, exclusive of interest and cost, exceeds the sum of $5,000.
“The jurisdiction of courts in this' state is regulated by the Constitution or by statutes duly enacted pursuant to the Constitution. Section 11 [now § 6] of Article V of the Constitution of Florida, F.S.A., fixes the jurisdiction of the Circuit Courts of the State, including the Circuit Court of Dade County, by giving them ‘exclusive original jurisdiction in all cases in equity, also in all cases at law, not cogmzable by inferior courts, and in all cases involving the legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original juris.diction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide.’
“In Dade County, Florida, an inferior court, the Civil Court of Record of Dade County, is given original jurisdiction ‘of all cases at law where the matter in controversy does not exceed, exclusive of interest and cost, the sum of five thousand dollars’ and hence in that county the Circuit Court is divested of original jurisdiction in ‘all cases at law’ except those in which the minimum amount claimed, exclusive of interest and costs, is greater than the maximum amount of which the Civil Court of Record of Dade County has jurisdiction.”' Caudell v. Leventis, Fla. 1950, 43 So.2d 853, 854.
The cause of action on the $2,700 promissory note dated June 1, 1954, did not satisfy the jurisdictional requirement. The same is true of the second cause of action declared on in the complaint, the loan of $1,-500 alleged to have been made to defendants on August 8, 1958. The amounts demanded or recoverable on the two causes of action combined, exclusive of interest and costs, would not exceed $5,000.
 Separate and unrelated demands cannot be joined to give jurisdiction to a court which does not have jurisdiction of any one of the claims because each is below the amount required to give jurisdiction to the court. Burkhart v. Gowin, 86 Fla. 376, 98 So. 140; State ex rel. City of West Palm Beach v. Chillingworth, 100 Fla. 489, 129 So. 816; Staiger v. Greb, Fla.App.1957, 97 So.2d 494, 496. The demands in the instant case are not alleged or shown to be other than separate and unrelated, and, moreover, the amount of them combined, exclusive of interest and costs, was not sufficient to confer jurisdiction.
Rule 1.39(b), F.R.C.P., 30 F.S.A., provides that “If at any time it should appear that a suit is pending in the wrong *322 court of any county it may be transferred to the proper court within said county, * * [Emphasis supplied.] Therefore, when the attention of the court was called to the jurisdictional inadequacy of the amount or amounts in controversy it became the duty of the court to transfer the cause to the proper court.
■ Accordingly the judgment is reversed and the cause is remanded with directions to the circuit court to vacate the judgment and to make an order transferring the cause, "as provided for under rule 1.39, F.R.C.P., to the civil court of record in said county.
Reversed and remanded with directions.
HORTON, C. J., and LOPEZ, AQUI-LINO, Jr., Associate Judge, concur.