HENDRY, Judge.
Appellant, defendant below, was sued by the appellee, plaintiff below, in the Circuit Court, Dade County, Florida, for the sum of $5,000. The complaint alleges that the sum was loaned to the defendant and was to have been repaid on demand; that a demand was made; and that payment of the loan was refused. The defendant answered generally denying the allegations of the complaint. Motion for summary judgment was made by -the plaintiff, and after argument of opposing counsel, summary judgment was granted in favor of the plaintiff in the sum of $5,000 plus costs; the court also entered a judgment in garnishment for the amount of the aforesaid judgment against defendant’s bank, as garnishee. The bank has assigned several errors which are primarily concerned with tender by the debtor and the medium for the payment of *248 the debt. While we find that the assigned errors are without foundation in law we must nevertheless reverse and remand the case to the trial court on the grounds that it lacked jurisdiction of the subject matter. This must be done despite the fact that the question of jurisdiction was not raised by the pleadings or otherwise presented. Courts are bound to take notice of the limits of their authority and if want of jurisdiction appears at any stage of the proceedings original or appellate, the court should notice the defect and enter an appropriate order. Bohlinger v. Higginbotham, Fla.1954, 70 So. 2d 911; West 132 Feet v. City of Orlando, 80 Fla. 233, 86 So. 197; 2 Fla.Jur., Appeals, § 20.
In the case of Canonico v. Devine, Fla.App., 130 So.2d 319, 321, the court stated:
“The jurisdiction of the circuit court in Dade County in actions at law is of those cases where the matter in controversy, exclusive of interest and cost, exceeds the sum of $5,000.
“'The jurisdiction of courts in this state is regulated by the Constitution or by statutes duly enacted pursuant to the Constitution. Section 11 [now § 6] of Article V of the Constitution of Florida, F.S.A., fixes the jurisdiction of the Circuit Courts of the State, including the Circuit Court of Dade County, by giving them “exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment, or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide.” ' ”
In Dade County, Florida, the Civil Court of Record of Dade County, is given original jurisdiction of all cases at law where the matter in controversy does not exceed, exclusive of interest and costs, the sum of $5,000, and proceedings relating to forceful entry and unlawful detention of lands and tenements, including any statutory remedy relating to landlord and tenant, except when some other court under the Constitution shall have exclusive original jurisdiction of any such actions. Section 33.14, Fla. Stat., F.S.A.
The cause of action on the $5,000 debt did not satisfy the jurisdictional requirement because it does not exceed $5,000 exclusive of interest and cost.
If at any time it should appear that a suit is pending in the wrong court of any county it may be transferred to the proper court within the county. Rule 1.39(b), F.R.C.P., 30 F.S.A.
The circuit court being without jurisdiction to enter the judgments appealed they are hereby vacated and the cause is remanded to the circuit court so that the cause may be transferred for further proceedings-in accordance with Rule 1.39, F.R.C.P., to> the Civil Court of Record.
It is so ordered.