185 So.2d 196 (1966)
MILHET CATERERS, INC., a Florida Corporation, Appellant,
v.
NORTH WESTERN MEAT, INC., a Florida Corporation, Appellee.
No. 65-687.
District Court of Appeal of Florida. Third District.
April 19, 1966.
Nestor Morales, Miami, for appellant.
Paul & Landy, and Stanley Arthur Beiley, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellee North Western Meat, Inc., filed an action against the appellant Milhet Caterers, Inc., in the circuit court in Dade County joining three demands. Two were for merchandise sold and delivered, and neither of them met the jurisdictional amount in that court. A third claim, unrelated to the first two, sought recovery on a promissory note of an amount in excess of $12,000, and was within the jurisdiction of the circuit court. Summary judgment was entered in favor of the plaintiff, and the defendant appealed.
The sole question presented for determination is whether the circuit court had *197 jurisdiction of the two claims for merchandise sold. We hold that because one of the demands was sufficient in amount to invoke the jurisdiction of the circuit court, that court had jurisdiction to entertain and determine all three demands.
It has been held consistently that unrelated claims, no one of which meets the minimal jurisdictional amount, may not be combined to gain jurisdiction. See: Director General of Railroads v. Wilford, 81 Fla. 430, 88 So. 256; Burkhart v. Gowin, 86 Fla. 376, 98 So. 140; State ex rel. City of West Palm Beach v. Chillingsworth, 100 Fla. 489, 129 So. 816; Canonico v. Devine, Fla.App. 1961, 130 So.2d 319.
The appellant contends that when several unrelated demands are joined with only one meeting the jurisdictional requirement, the court is without jurisdiction of those demands so joined which are for less. We have been shown no square holding of a Florida court to that effect. This court expressed a view contrary to appellant's contention, in the case of Canonico v. Devine, supra, where it was said, "Separate and unrelated demands cannot be joined to give jurisdiction to a court which does not have jurisdiction of any one of the claims because each is below the amount required to give jurisdiction to the court."
We are impelled to affirm the holding of the circuit court that its jurisdiction covered all three demands when one met its jurisdictional requirements as to amount. To hold the contrary would be anomalous and inconsistent with rule 1.13(j) of the Florida Rules of Civil Procedure, 30 F.S.A. Under that rule, when a demand is filed in a court of lesser jurisdiction than the circuit court and a counterclaim is filed thereto, whether on a matter related or unrelated to the main claim, for an amount which is beyond the jurisdiction of that court and is within the higher jurisdiction of the circuit court, it is required that the cause be transferred to the circuit court and that court then tries not only the demand presented by the counterclaim, the amount of which is within the jurisdiction of the circuit court, but also takes jurisdiction of and determines the plaintiff's demand which is for less than the minimum amount required for jurisdiction of a legal demand in the circuit court.
Accordingly the judgment appealed from is affirmed.
HENDRY, Chief Judge (dissenting).
I respectfully dissent from the conclusion reached by the majority.
To permit plaintiff to maintain, in the circuit court, a cause of action cognizable only in the civil court of record merely by joining it with an unrelated cause of action cognizable in the circuit court would in effect nullify our statutes relative to jurisdiction. It is my view that in the absence of a statute or rule confirming jurisdiction in such a situation the circuit court was without jurisdiction to enter the judgment as to counts one and two, inasmuch as they were below its jurisdiction, and it was error not to have transferred the causes of action stated in counts one and two to the civil court of record.