PER CURIAM.
This proceeding began here as an appeal from a circuit court order which (a) found that the amount in controversy under count one of petitioner’s two count complaint was below the minimum amount over which the circuit court has jurisdiction and (b) transferred count one to the civil court of record for trial. The circuit court retained jurisdiction over count two. We declined to grant appel-lees’ motion to dismiss the appeal but entered an order that the appeal should be considered a petition for certiorari. Thereafter petitioner’s counsel proceeded with the cause and argued that the finding and the transfer constituted departures from the essential requirements of law.
If the amount in controversy in one count of a complaint is sufficient to invoke the jurisdiction of the circuit court, that court may not transfer to the civil court of record another count involving an amount insufficient in itself to invoke the jurisdiction of the circuit court. Milhet Caterers, Inc. v. North Western Meat, Inc., Fla.App.1966, 185 So.2d 196. Cf. cases citing the maxim that (in order to avoid a multiplicity of suits) after obtaining jurisdiction of a case for one purpose a court of equity should retain jurisdiction for all purposes to administer full relief including legal remedies (e. g., Knight v. Global Contact Lens, Inc., Fla.App.1969, 220 So.2d 693). We therefore hold that the transfer in the present case constituted a departure from the essential requirements of law and quash so much of the order bearing the date May 13, 1969, as purported to transfer count one of the cause to the civil court of record.
However the finding concerning the amount in controversy in count one is not a departure from essential requirements of law requiring this court to grant certiorari on this point since (in contrast to the foregoing point) the petitioner would have an adequate remedy on appeal if the finding is erroneous. See Taylor v. Board of Public Instruction of Duval County, Fla.App.1961, 131 So.2d 504, 507.
The order on review is quashed in part.