## ROBINSON v U.S. EMPLOYEES FEDERAL CREDIT UNION

### Case No. 89-59-AP

Fourth Judicial Circuit, Duval County

March 6, 1990

#### APPEARANCES OF COUNSEL

Carl G. Swanson, Esquire, for appellant.

Brett P. Abner, Esquire, for appellee.

#### OPINION OF THE COURT

HENRY F. MARTIN, JR., Circuit Judge.

#### *FACTUAL BACKGROUND*

The Complaint filed in the COunty Court is a two count Complaint. Count 1 alleges that the Defendant entered into a loan agreement and credit card request with the Plaintiff. The agreement is attached as Exhibit A. Count 1 further alleges that Defendant received a Visa card and failed to pay Plaintiff pursuant to the loan agreement for charges made. Plaintiff seeks $2,982.71 plus interest as to Count 1.

Count 2 alleges that in reliance on the loan agreement, attached as

Exhibit A, Plaintiff provided to Defendant a signature loan in the amount of $4,000.00. Plaintiff seeks $3,527.26 plus interest as to Count 2.

On September 1, 1989, the County Court entered an Amended Final Default Judgment for $2,982.71 plus interest of $494.04 as to Count 1 and $3,517.26 and interest of $411.80 as to Count 2 and for costs of $69.00 and attorney's fees of $275.00, for a total of $7,759.81.

Appellant, Defendant below, filed an appeal and argues that the Amended Final Default Judgment is void since it is in excess of the jurisdictional limits of the County Court set out in Section 34.01, Florida Statutes.

Appellee, Plaintiff below, argues that the judgment is not void since Count 1 sought a money judgment based upon the Appellant's acceptance and use of a Visa card and Count 2 sought a money judgment based on a signature loan line of credit. Appellee argues that each count of its Complaint constitutes separate, independent and unrelated cause of action and as such they cannot be combined to confer jurisdiction on the Circuit Court. *Canonico v Devine,* 130 So.2d 319 (Fla. 3d DCA 1961).

## DECISION OF COURT

Section 34.01(c)2 Florida Statutes (1989), grants to County Courts original jurisdiction of all actions at law in which the matter in controversy does not exceed the sum of $5,000.00, exclusive of interest, costs and attorney's fees. Circuit Courts have jurisdiction if the matter in controversy exceeds that amount. Section 26.012(2)(a), Florida Statutes (1989).

If several claims arise out of the same transaction or circumstances or occurrence they may be combined to give the court jurisdiction. *Container Corp. of America v Seaboard Air Line R. Co. et al.,* 59 So.2d 737, 738 (Fla. 1952); *citing Birkhart v Gowin,* 86 Fla. 376, 98 So. 140 (1923).

In *Container Corp., supra,* the Court held that because the parties had a running account for a series of transactions the claims could be pooled for the purpose of fixing jurisdiction in the Circuit Court.

In *Birkhart, supra,* the Court had before it a cause of action involving three separate promissory notes. Finding that nothing in the record showed a composite or other relation between these notes which were given at different times, the Court held that such demands are separate and unrelated and within the jurisdiction of the lower court

62

and may not be joined or aggregated to make up the amount to give jurisdiction to a superior court. *Id.* p. 142.

In the case before this Court, Appellee instituted suit by filing a two count Complaint based on one loan application. *See,* Exhibit A attached to Appellee's Complaint. When Appellant was given the signature loan of $4,000.00 (Count 2) the account already had a balance of $2,381.95. (Count 1) which was the amount previously charged on the Visa. The account then showed a new balance of $6,391.55.

In *White v Marine Transport Lines, Inc.,* 372 So.2d 81, 84 (Fla. 1979), the Court held that the test for jurisdiction is twofold. First, the Plaintiff's good faith demand at the time of instituting suit determines the ability of a particular court to entertain an action. Second, the jurisdictional power of the court is looked to. Finding that the County Court is a court of limited jurisdiction, the Court held that the County Court is without jurisdictional power to enter a judgment in excess of its statutory grant of power.

Applying *White* to the case before this Court shows that the contract (loan application) attached to the Complaint gives a new balance of $6,391.55. The Appellee split up its causes of action in a good faith attempt to give the County Court jurisdiction. Such action by the Appellee was improper since the claims are related and are based on one application and are integral parts of a single account balance.

In sum, the claims in this case are not separate and distinct but in fact are based on one account that shows on its face jurisdiction would be proper only in the Circuit Court. Therefore, the Final Judgment appealed from must be and the same is hereby REVERSED with directions to vacate and set aside said Final Judgment and transfer the action to Circuit Court.