974 So.2d 1138 (2008)
Ilana BEN-DAVID, Appellant,
v.
The EDUCATION RESOURCES INSTITUTE, INC., a foreign corporation, Appellee.
No. 3D07-317.
District Court of Appeal of Florida, Third District.
February 13, 2008.
*1139 Hal Vogel, for appellant.
Debra Dawn, Bonita Springs, for appellee.
Before SHEPHERD, SUAREZ, and LAGOA, JJ.
LAGOA, Judge.
The defendant, Ilana Ben-David ("Ben-David"), appeals from a final judgment entered against her in the amount of $40,493.77. Because the circuit court lacked subject matter jurisdiction, we reverse the final judgment.
The Education Resources Institute, Inc. ("TERI") filed suit in Miami-Dade County circuit court against Ben-David seeking recovery for unpaid student loans. Specifically, the complaint alleged that Ben-David executed three promissory notes and that she defaulted on each note. Count I alleged a principal balance due of $14,539.83 on a note executed on July 12, 1994; Count II alleged a principal balance due of $9,040.18 on a second note executed on August 11, 1995; and Count III alleged a principal balance due of $6,876.45 on a third note executed on February 21, 1996. After a jury trial, the circuit court entered a final judgment in favor of TERI in the amount of $40,493.77, plus interest. On appeal, Ben-David raised numerous challenges to the final judgment including subject matter jurisdiction. Because we find that the circuit court lacked subject matter jurisdiction, the judgment is void and we need not address the other issues raised by Ben-David. See Strommen v. Strommen, 927 So.2d 176, 179 (Fla. 2d DCA 2006) ("A trial court's lack of subject matter jurisdiction makes its judgments void. . . ."); Fedan Corp. v. Reina, 695 So.2d 1282, 1283 (Fla. 3d DCA 1997) (judgment rendered by court is void if court lacks subject matter jurisdiction).
"Subject matter jurisdiction  the `power of the trial court to deal with a class of cases to which a particular case belongs'  is conferred upon a court by constitution or by statute." Strommen, 927 So.2d at 179 (quoting Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla.1994)). Pursuant to section 34.01(1)(c), Florida Statutes (2007), jurisdiction properly lies in the county court for all actions at law in which the matter in controversy "does not exceed the sum of $15,000, exclusive of interest, cost, and attorney's fees." Claims may not be aggregated to confer jurisdiction in the circuit court unless the claims are related to one another or arise from the same "transaction or circumstances or occurrence." Burkhart v. Gowin, 86 Fla. 376, 98 So. 140, 142 (1923); accord State v. Chillingworth, 100 Fla. 489, 129 So. 816, 817-18 (1930); Milhet Caterers, Inc. v. N.W. Meat, Inc., 185 So.2d 196, 197 (Fla. 3d DCA 1966); Canonico v. Devine, 130 So.2d 319, 321 (Fla. 3d DCA 1961). As the Florida Supreme Court explained:
[S]eparate, unrelated, distinct, and wholly independent demands, as promissory notes given for wholly unrelated and separate items of indebtedness, . . . where there is nothing in the notes or in the pleadings to show a composite or other relation between the notes that were given at different times . . . such demands, being separate and unrelated and within the jurisdiction of a lower court, may not be joined or aggregated to make up the amount to give jurisdiction to a superior court.
*1140 Burkhart, 98 So. at 142; accord Batts v. Dep't of Educ., 631 So.2d 369 (Fla. 4th DCA 1994) (four separate promissory notes could not be aggregated to meet jurisdictional requirement of circuit court).
In this matter, TERI sought recovery for three separate notes executed on different dates for varying durations and purposes. Two were for different academic years, and one was a Bar Examination Loan. Because each note was separate and wholly distinct from the others, the notes could not be aggregated to meet the $15,000 jurisdictional threshold necessary to confer jurisdiction on the circuit court.
Accordingly, we reverse the circuit court's entry of final judgment and remand with directions to the circuit court to vacate the final judgment and transfer the case to the county court pursuant to Florida Rule of Civil Procedure 1.060(a). See Batts, 631 So.2d at 370; Canonico, 130 So.2d at 321-22.
Reversed and remanded with directions.