# Third District Court of Appeal

## State of Florida

Opinion filed March 3, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1044
Lower Tribunal No. 18-42153
_____

**Geico Casualty Company, et al.,**
Petitioners,

vs.

**MSP Recovery Claims, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

A Case of Original Jurisdiction—Prohibition.

Cole, Scott & Kissane, P.A., and Thomas L. Hunker, Selina Patel, Peter D. Weinstein and Michael A. Rosenberg (Fort Lauderdale), for petitioners.

MSP Recovery Law Firm, and John H. Ruiz, Michael O. Mena, Gino Moreno and Andre Vazquez; Armas Bertran Zincone, and J. Alfredo Armas, Eduardo E. Bertran and Francesco A. Zincone, III, for respondents.

Coffey Burlington, and Scott A. Hiaasen; Wiggin & Dana LLP, and Michael Menapace (Hartford, CT), for American Property Casualty

Insurance Association and the Personal Insurance Federation of Florida, as amici curiae.

Squire Patton Boggs (US) LLP, and Andrew R. Kruppa and Amanda E. Preston; Reed Smith LLP, and Edward M. Mullins, Lisa M. Baird and Christina D. Olivos; King & Spalding LLP, and Val Leppert (Atlanta, GA), for Ethicon, Inc., American Medical Systems, Inc., and Coloplast Corp., as amici curiae.

Before SCALES, LINDSEY and HENDON, JJ.

SCALES, J.

After the trial court entered its June 24, 2020 non-final order denying petitioners, defendants below, GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company's (collectively, "GEICO") motions to dismiss respondents' second amended complaint and for a protective order, GEICO filed the instant petition in this Court seeking writs of both prohibition and certiorari. We deny the petition for writ of prohibition because the circuit court has subject matter jurisdiction over the claims presented in respondents' second amended complaint, and we dismiss the petition for writ of certiorari because GEICO has not established the requisite irreparable harm to invoke this Court's certiorari jurisdiction.

A. *Prohibition*

First, GEICO seeks a writ prohibiting the trial court from exercising jurisdiction over the declaratory relief claim asserted in count I of respondents MSP Recovery Claims, MSPA Claims 1, LLC, and Series PMPI,

2

a series of MAO-MSO Recovery II, LLC's (collectively, "MSP") second amended complaint. In this count, MSP seeks a declaration that it is entitled to recover from GEICO payments allegedly made by MSP's assignors that should have been made by GEICO, the PIP insurer for the assignors' insureds. GEICO argues that, because each claim is necessarily limited to no more than $10,000, the circuit court's jurisdictional threshold[1] is not met and, therefore, the circuit court lacks subject matter jurisdiction over MSP's declaratory relief claim. Even if GEICO's jurisdictional threshold argument is correct – an issue that we need not and do not reach – it is not dispositive here because GEICO does not dispute that the circuit court has subject matter jurisdiction over count II of MSP's second amended complaint, a pure bill of discovery. See Edgar v. Econ. Opportunity Legal Servs. Program, Inc., 230 So. 2d 487, 488 (Fla. 3d DCA 1970) ("If the amount in controversy in one count of a complaint is sufficient to invoke the jurisdiction of the circuit court, that court may not transfer to the civil court of record another count involving an amount insufficient in itself to invoke the jurisdiction of the circuit court."); Milhet Caterers, Inc. v. N. W. Meat, Inc., 185 So. 2d 196, 197 (Fla.

---

[1] See § 86.011, Fla. Stat. (2018) ("The circuit and county courts have jurisdiction *within their respective jurisdictional amounts* to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed.") (Emphasis added).

3d DCA 1966) ("We hold that because one of the demands was sufficient in amount to invoke the jurisdiction of the circuit court, that court had jurisdiction to entertain and determine all three demands."). We, therefore, deny GEICO's petition for writ of prohibition.

### B. *Certiorari*

Next, GEICO seeks certiorari review of that portion of the trial court's June 24, 2020 non-final order denying GEICO's motion for a protective order directed at the information sought by MSP in count II of MSP's second amended complaint, a pure bill of discovery.[2] We dismiss the writ because GEICO "cannot demonstrate the requisite irreparable harm that would vest this Court with jurisdiction to determine whether there has been a departure from the essential requirements of the law." Am. Med. Sys., LLC v. MSP Recovery Claims, Series LLC, 290 So. 3d 548, 549-50 (Fla. 3d DCA 2019). As this Court recognized in American Medical Systems, where the trial court denies the petitioner's motion to dismiss the underlying claim for a pure bill of discovery, certiorari review is appropriate only when the trial court also "direct[s] the petitioner to provide the very discovery sought" by the pleading.

---

[2] GEICO does not challenge that portion of the trial court's June 24, 2020 non-final order denying GEICO's motion to dismiss count II for a pure bill of discovery.

4

Id. at 550. Here, GEICO did not direct its motion for a protective order at any outstanding discovery request propounded by MSP. Rather, GEICO directed its motion toward the entirety of the information sought in count II of MSP's complaint (a pure bill of discovery action). Under this particular circumstance, we view the trial court's denial of GEICO's motion for a protective order as we viewed the order denying the dismissal motion in American Medical Systems. Neither order directed the movant to respond to any discovery request or to produce discovery, nor was either order akin to a final judgment compelling discovery. Indeed, GEICO concedes that no discovery request is pending below, arguing that the next step is for GEICO to answer the second amended complaint. Under the particular procedural background presented here, GEICO, at this stage of the litigation, has not established the requisite irreparable harm stemming from the trial court's order for us to exercise certiorari jurisdiction. We are, therefore, compelled to dismiss, for lack of jurisdiction, GEICO's petition for writ of certiorari directed toward that portion of the trial court's order denying GEICO's motion for a protective order.[3]

---

[3] We thank amici curiae American Property Casualty Insurance Association, Personal Insurance Federation of Florida, Ethicon, Inc., American Medical Systems, Inc., and Coloplast Corporation for their amicus briefs in this matter. Given our dismissal of GEICO's certiorari petition, however, we lack the jurisdiction to decide the issue argued by amici, i.e., whether the trial

Petition for writ of prohibition denied; petition for writ of certiorari dismissed.

---

court departed from the essential requirements of the law by denying GEICO's motion for protective order.  <u>Am. Med. Sys., LLC</u>, 290 So. 3d at 549-50.