DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MASSACHUSETTS EDUCATIONAL FINANCING AUTHORITY,**
Appellant,

v.

**RYAN T. FERNANDEZ** and
**SILVIA FERNANDEZ,**
Appellees.

No. 4D2024-0288

[December 11, 2024]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2023-CC-007274-XXXX-MB.

Zoran D. Jovanovich of Zwicker & Associates, P.C., Deerfield Beach, for appellant.

No appearance for appellees.

DAMOORGIAN, J.

Massachusetts Educational Financing Authority ("Lender"), a private education loan lender, appeals the final judgment entered in its action to recover unpaid student loans from appellees Ryan T. Fernandez and Silvia Fernandez ("Borrowers"). Lender specifically takes issue with the county court's determination that it did not have subject matter jurisdiction to award Lender a total amount above the $50,000 monetary threshold of the county court notwithstanding the fact that each of the complaint's counts were unrelated and demanded a sum not exceeding $50,000. For the reasons discussed below, we reverse.

From 2015 through 2020, while appellee Ryan T. Fernandez was an undergraduate student, Borrowers executed eleven separate loan agreements with Lender. Each loan agreement was executed on a different date, seemingly related to different academic semesters, contained different amounts financed at various interest rates, and had different account numbers assigned by Lender.

In 2023, Lender sued Borrowers in county court after they defaulted on the loan agreements. The complaint included eleven breach of agreement counts, one for each loan agreement. The total amount of damages sought by Lender on each count differed, but no one count exceeded $50,000.

The matter proceeded to a bench trial during which Borrowers admitted to the amounts claimed owed under the eleven loan agreements. That conceded amount totaled $296,832, which included $271,869.08 in principal and $24,962.92 in interest. The county court, believing it was without subject matter jurisdiction to award a total amount above the $50,000 monetary threshold of the county court's jurisdiction, thereafter entered final judgment in favor of Lender in the principal amount of $50,000. The final judgment did not specify the counts to which the $50,000 damages award applied. This appeal follows.

"Subject matter jurisdiction—the power of the trial court to deal with a class of cases to which a particular case belongs—is conferred upon a court by constitution or by statute." *Ben-David v. Educ. Res. Inst., Inc.*, 974 So. 2d 1138, 1139 (Fla. 3d DCA 2008) (citation and internal quotation marks omitted). Pursuant to section 34.01, Florida Statutes (2023), county courts have original jurisdiction in all actions at law "in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees . . . , the sum of $50,000." § 34.01(1)(c)3., Fla. Stat. (2023).

Here, because each note was separate and wholly distinct from the others in that each note was executed on different dates and for different amounts and purposes, each of the complaint's eleven counts constituted a separate "matter in controversy." As none of the individual counts sought an amount of damages in excess of the $50,000 jurisdictional limit, the county court had subject matter jurisdiction to enter a final judgment consistent with the damages sought in the complaint.

The holding in *Ben-David v. Education Resources Institute, Inc.*, 974 So. 2d 1138 (Fla. 3d DCA 2008), is instructive. In that case, lender sued borrower in circuit court for unpaid student loans. *Id.* at 1139. The complaint alleged borrower executed three separate promissory notes on different dates for varying durations and purposes. *Id.* Count one alleged a principal balance due of $14,539.83; count two alleged a principal balance due of $9,040.18; and count three alleged a principal balance due of $6,876.45. *Id.* Notably, the jurisdictional limit of the county court at the time was $15,000. *See* § 34.01(1)(c), Fla. Stat. (2007). Following trial, the trial court entered a final judgment in favor of lender in the amount of $40,493.77. *Id.* Borrower thereafter appealed, arguing the circuit court lacked subject matter jurisdiction to enter the final judgment. *Id.*

2

In reversing the final judgment as void for lack of subject matter jurisdiction, the Third District reasoned as follows:

> [Lender] sought recovery for three separate notes executed on different dates for varying durations and purposes. Two were for different academic years, and one was a Bar Examination Loan. **Because each note was separate and wholly distinct from the others, the notes could not be aggregated to meet the $15,000 jurisdictional threshold necessary to confer jurisdiction on the circuit court**.
>
> Accordingly, we reverse the circuit court's entry of final judgment and remand with directions to the circuit court to vacate the final judgment and **transfer the case to the county court** pursuant to Florida Rule of Civil Procedure 1.060(a).

*Id.* at 1140 (emphasis added); *see also Burkhart v. Gowin*, 98 So. 140, 142 (Fla. 1923) ("[S]eparate, unrelated, distinct, and wholly independent demands, as promissory notes given for wholly unrelated and separate items of indebtedness, . . . where there is nothing in the notes or in the pleadings to show a composite or other relation between the notes that were given at different times, . . . may not be joined or aggregated to make up the amount to give jurisdiction to a superior court."); *Batts v. Dep't of Educ.*, 631 So. 2d 369, 370 (Fla. 4th DCA 1994) (holding that four separate promissory notes could not be aggregated to meet the jurisdictional requirement of the circuit court, and remanding with directions to vacate the final judgment and transfer the cause to the county court).

It follows logically that (1) if separate and wholly distinct counts cannot be aggregated to meet the jurisdictional threshold necessary to confer jurisdiction on the circuit court, and (2) if the remedy in such a situation is for the case to be transferred to the county court, then the county court necessarily has subject matter jurisdiction to award an amount not exceeding the jurisdictional threshold on each of those separate and distinct counts regardless of whether the total sum awarded on all counts exceeds the maximum jurisdictional amount of the county court.

Accordingly, we reverse and remand with instructions that the county court enter an amended final judgment awarding the amounts sought in the complaint and separately designating the total award rendered on each count.

*Reversed and remanded with instructions.*

LEVINE and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**