PER CURIAM.
The appellant, defendant below, appeals from a final judgment entered by the civil court of record in favor of the appellee, Ideal Rock Products Co., in the total amount of $6,252.70. Included therein is an item for attorney’s fees in the amount of $1,500.-00.
It is apparent from the final judgment, here under review, that the court lacked jurisdiction to enter a judgment in excess of $5,000.00. § 33.14, Fla.Stat., 1959, F.S.A. Although the jurisdictional defect was not called to the attention of this court by the appellant, this defect being fundamental in nature it may be raised sua sponte by the court. Mendez v. Ortega, Fla.App. 1961, 134 So.2d 247; F.A.R. 3.7(i), 31 F. S.A. When it became apparent to the trial court that the amount in controversy exceeded its jurisdiction, it should have entered an order transferring the cause to the proper court within the county. F.R.C.P. 1.39(b), 30 F.S.A.
Attorney’s fees are computed in determining the jurisdictional amount of the civil court of record [State ex rel. Royal Ins. Co., Ltd. v. Barrs, 87 Fla. 168, 99 So. 668] and, therefore, must be added to the other damages recoverable in determining whether the claim is for an amount in excess of the jurisdiction of the trial court. It is true that in the complaint the only amount sought for attorney’s fees were reasonable fees; and it was not until after the adjudication of the principal amount of the claim that the court found that the fees were in the sum of $1,500.00, which then brought the amount recoverable in excess of the jurisdictional limits of the trial court. At this time, the trial judge should have transferred the matter to the appropriate forum.
Therefore, the trial judge being without jurisdiction to enter the judgment appealed *139 from it is hereby vacated, and the cause is remanded so that it may be transferred to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, for further proceedings in accordance with F.R.C.P. 1.39(b).
Reversed with directions.