SWANN, Judge.
This matter comes before us upon the appellant’s motion to review order setting supersedeas pursuant to Rule 5.10, Florida Appellate Rules, 32 F.S.A. The appellant was plaintiff below in an action against his wife for divorce. The defendant-wife counterclaimed for separate maintenance and later amended the counterclaim to seek a divorce.
On June 30, 1967 the chancellor entered an “amended final judgment of divorce,” as well as an order which granted the wife $1209.80 for suit money and $15,000 attorney’s fees, both of which were to be paid on or before July 17, 1967.- (These amounts were subsequently reduced to judgment at a hearing on a rule to show cause.)
The husband appealed from the amended final judgment of divorce, assigning as error, inter alia, the awarding of attorney’s fees and costs. He then moved to have a supersedeas set for “costs” and the lower court set bond in the amount of $17,500 to cover the attorney’s fees, as well as costs.
The question presented is whether attorney’s fees awarded to a defendant wife in a divorce action are part of the “costs” which the husband (original plaintiff) must pay, or assign as error, and supersede within the intent and purpose of Rule 3.2(f), Florida Appellate Rules.
The wife argues that the term “suit money” as used in Sections 65.07 and 65.08, Florida Statutes, F.S.A., is sufficiently broad to encompass an allowance of attorney’s fees to a wife in a divorce action. See Harrison v. Harrison, Fla.App.1965, 178 So.2d 889 Scanlon v. Scanlon, Fla.App.1963, 154 So.2d 899; Orr v. Orr, 141 Fla. 112, 192 So. 466 (1939), and Smith v. Smith, 90 Fla. 824, 107 So. 257 (1925). He then concludes that under Codomo v. Emanuel, Fla.1956, 91 So.2d 653, in which the Supreme Court said:
***** *
“ * * * [Attorneys’ fees cannot be taxed as costs in any cause unless authorized by contract or legislative authority. * * * ” (Emphasis supplied)
* * * * * *
“ * * * The right to recover attorneys’ fees as part of the costs did not exist at common law. It must be provided by statute or contract. * * * ”
******
attorney’s fees are now specific costs which may be taxed against an appellant and which must be properly paid or assigned as error and superseded by the original plaintiff under 3.2(f), supra.
While we agree that there is ample authority for the award of attorney fees by the court in a divorce proceeding to a wife, and that the word “suit money” includes an award of attorney’s fees, we do not agree that the words “all costs” in Rule 3.2(f) is sufficiently broad to include attorney’s fees.
The Supreme Court has, prior to the adoption of Rule 3.2(f), held that generally attorney’s fees are not taxable as costs unless provided for by statute or contract. Codomo v. Emanuel, supra; Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160 (1948), and State ex rel. Royal *859 Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924).
There is no contract as to costs or attorney’s fees involved herein and no express provision of the statutes provides that attorney’s fees in a divorce action may be taxed as “costs.” See Chapter 65, Florida Statutes, and Chapter 58, Florida Statutes, A.D.A. We do not believe that the adoption of Rule 3.2(f) was intended to change the rule of law pronounced in these cases.
The order setting the amount and conditions as supersedeas bond for costs on appeal is therefore modified to provide that the appellant husband shall furnish a supersedeas bond in the sum of $1500, and is affirmed in all other respects.
It is so ordered.