218 So.2d 219 (1969)
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, Appellant,
v.
Dorothy T. LAMM, Appellee.
No. 68-168.
District Court of Appeal of Florida. Third District.
January 21, 1969.
Stephens, Demos, Magill & Thornton, Miami, for appellant.
Aronovitz, Aronovitz & Haverfield and Arnold D. Schatzman, Miami, for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
*220 PER CURIAM.
The plaintiff, Lamm, brought suit in the Civil Court of Record in and for Dade County, Florida, pursuant to Fla. Stat. § 627.0127, F.S.A. She sought recovery of three thousand dollars, plus interest and costs, allegedly due her under an insurance policy issued by the defendant, Prudential, and a reasonable attorney's fee as provided for by the statute.
The trial court entered final judgment for the plaintiff and then awarded her attorneys a fee of three thousand five hundred dollars; the total amount exceeding six thousand dollars. Thus, one of the questions before us is whether the trial court exceeded its jurisdictional limitation of five thousand dollars, exclusive of interest and costs. Fla. Stat. §§ 33.02 and 33.14, F.S.A.
In State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668, (1924), our Supreme Court held that attorney's fees recoverable by statute are to be regarded as "costs" only when made so by statute. Otherwise, they are to be treated as an element of damages. Since Fla. Stat. § 627.0127, F.S.A. does not specifically provide that attorney's fees are to be regarded as costs, we must consider them as an element of the plaintiff's damages, bringing the amount of the judgments herein over the jurisdictional limit of the Civil Court of Record.
In Henry's Drive-In, Inc. v. Ideal Rock Products Co., Fla.App. 1962, 140 So.2d 137, this court held, citing State ex rel. Royal Ins. Co. v. Barrs, supra, that attorney's fees are to be computed in determining the jurisdictional amount of the Civil Court of Record  even though only "reasonable fees" were sought. Cf. Riess v. Goldman, Fla.App. 1967, 196 So.2d 184; and Ortiz v. Ortiz, Fla.App. 1967, 208 So.2d 857.
When the trial court determined that the total amount of these judgments would exceed its jurisdictional limits, it should have transferred the cause to the appropriate forum. [See] Henry's Drive-In, Inc., supra.
The judgments herein are, therefore, vacated and the cause remanded so that it may be transferred to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, for retrial of the issues involved herein in the court of proper jurisdiction.
It is so ordered.