372 So.2d 81 (1979)
Donald WHITE, Appellant,
v.
MARINE TRANSPORT LINES, INC., Appellee.
No. 54176.
Supreme Court of Florida.
June 7, 1979.
Earl R. McMillin, Tampa, for appellant.
Nathaniel G.W. Pieper, of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellee.
SUNDBERG, Justice.
This case presents the issue of whether the county court exceeded its jurisdiction *82 by granting an award of $3,373.85, when the original claim sought damages in the sum of $1,496.46 plus costs and an unspecified amount for attorneys' fees. Because the Circuit Court of the Thirteenth Judicial Circuit for Hillsborough County, in reviewing that judgment of the county court, construed article V, section 20(c)(4), Florida Constitution, we have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Appellant Donald White sued appellee Marine Transport Lines, Inc. in the County Court for Hillsborough County, seeking damages in admiralty in the amount of $1,496.46 for maintenance, unearned wages and repatriation expense. Appellant, relying upon Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), also sought an unspecified amount for attorneys' fees due to the alleged willful and callous rejection of his claim. The county court awarded appellant $1,638.85 for maintenance, repatriation and wages; $1,344.46 for attorneys' fees; and $390.54 for costs, aggregating $3,373.85.
Marine Transport Lines appealed to the circuit court, contending that the judgment was void as it exceeded the jurisdictional limits of the county court. The circuit court vacated the judgment and remanded the cause either for entry of judgment within the jurisdictional limits of $2,500 or for transfer to the circuit court. This appeal ensued.
The pertinent provisions of article V, section 20(c)(4), are as follows:
(c) After this article becomes effective, and until changed by general law consistent with sections 1 through 19 of this article:
.....
(4) County courts shall have original jurisdiction... of all actions at law in which the matter in controversy does not exceed the sum of two thousand five hundred dollars ($2,500.00) exclusive of interest and costs, except those within the exclusive jurisdiction of the circuit courts... .
This constitutional provision was implemented through the enactment of section 34.01, Florida Statutes (1975), which reads in pertinent part:
(1) County courts shall have original jurisdiction... of all actions at law in which the matter in controversy does not exceed the sum of $2,500, exclusive of interest and costs... .
From the foregoing it is apparent that the county courts of Florida are courts of limited jurisdiction.
While conceding that the county court is a court of limited jurisdiction, appellant maintains that jurisdiction of the court is to be determined by the sum demanded in good faith or actually put in controversy and not the amount of the recovery. Richter Jewelry Co. v. Harrison, 147 Fla. 732, 3 So.2d 387 (1941); Seaboard Air Line Railway v. Ray, 52 Fla. 634, 42 So. 714 (1906). He asserts that the proper time to make this determination is at the time the lawsuit is instituted. If at that time the plaintiff alleges in good faith that the amount prayed for is less than $2,500, jurisdiction vests in the county court, and subsequent events do not operate to divest the court of jurisdiction. To hold otherwise, appellant argues, would require the plaintiff to monitor his lawsuit at all stages and to suggest transfer to the circuit court when the $2,500 maximum is exceeded during the course of the litigation. This is contrary to the well settled rule in other jurisdictions in cases involving interest on damages, that where circumstances are such as to vest jurisdiction at the time the action is brought it cannot be ousted by any subsequent event. The judgment must be predicated on the state of things existing when the suit was commenced. Tappin v. MacLean, 117 Misc. 757, 192 N.Y.S. 196 (Bronx Co. 1922).
Appellee, on the other hand, urges that the authorities cited by appellant are inapposite. It also contends that the exact issue here under review was resolved adversely to appellant in Henry's Drive-In, Inc. v. Ideal Rock Products Co., 140 So.2d 137 (Fla. 3d DCA 1962), and Prudential Insurance Co. of America v. Lamm, 218 So.2d 219 (Fla. 3d *83 DCA 1969). In the former case the civil court of record for Dade County entered a judgment which included an award of attorneys' fees exceeding the jurisdictional limit of the court. The district court of appeal noted that the jurisdictional defect was fundamental and raised the issue sua sponte. It then ruled that the trial judge was without jurisdiction to enter the judgment as it exceeded the court's jurisdiction. The judgment was vacated and the cause remanded so that it could be transferred to the circuit court.
The case of Prudential Insurance Co. of America v. Lamm involved a suit by an insured to recover benefits under an insurance policy and the statutory attorneys' fee. The trial court entered final judgment for the plaintiff for policy benefits in the amount of $3,000 and awarded attorneys' fees of $3,500, thus exceeding the jurisdictional limit of the court by $1,500. The district court of appeal vacated the lower court judgment with directions to transfer the cause to the circuit court.
Appellee directs us also to Louisville and Nashville Railroad Co. v. Sutton, 54 Fla. 247, 44 So. 946 (1907), where in reliance on Seaboard Air Line Railway v. Ray, supra, the Court held that the jurisdiction of the county judge is determined by the actual demand made or the actual damage claimed, but that a judgment entered for an amount in excess of the amount over which the court has jurisdiction is void. In Sutton the plaintiff sought damages from the railroad for the death of his cow killed by defendant's train at a point on the company's railroad which was, contrary to state law, not fenced. Plaintiff claimed $75 damages for the value of the cow plus a reasonable attorney's fee of $24, aggregating $99. The jury returned a verdict in favor of the plaintiff and assessed his damages at the sum of $75. Judgment was entered by the court for $150 damages, $15 attorney's fee, and $22.35 costs. The judgment awarded damages of $150 because a statute then in existence made a railroad liable under the circumstances of that case for double the value of the animal. Although the initial good faith demand of the plaintiff was within the jurisdictional limit of the county court, this Court held that the county judge had judicial power only to adjudicate and enter judgment for a demand or damages claimed or penalty not exceeding the jurisdictional limit of $100; hence the judgment entered for $150 damages in favor of the plaintiff was void.
After review of the authorities cited by the parties, we are persuaded that the decision of the circuit court below should be affirmed. The primary authorities cited by the appellant, Seaboard Air Line Railway v. Ray and Richter Jewelry Co. v. Harrison, are distinguishable because neither deals with the power of a court of limited jurisdiction to enter judgment, exclusive of interest and costs, in excess of its stated jurisdictional limit. In Ray the plaintiff brought an action for damages against the railroad for negligently permitting 366 crates of cantaloupes to be damaged. In his prayer for relief, plaintiff asserted that the injury amounted to a loss of at least 25 cents per crate and claimed damages for $125. The jurisdiction of the county court on that date was limited to $100. The defendant demurred to the complaint which was overruled, and when the defendant failed to plead, judgment was rendered against it for the sum of $91.50 damages plus costs. The circuit court affirmed the judgment rendered by the county judge and certiorari review was sought in this Court. In granting the writ of certiorari and quashing the affirmance by the circuit court, this Court held that the amount of the plaintiff's demand was the test for the jurisdiction of the county judge. Since that demand exceeded the limited jurisdiction of the county court, no jurisdiction attached in the first instance and the only proper order which could be entered was one of dismissal.
In Richter Jewelry Co. v. Harris, the converse occurred. Plaintiff brought an action for conversion or loss of a diamond ring by a bailee. The value of the ring was alleged to be $10,000. The jury returned a verdict for plaintiff in the sum of $3,243.50. The record revealed litigation of the identical *84 controversy between the same parties in the Civil Court of Record of Dade County prior to institution of the circuit court action, resulting in a nonsuit. The plaintiff testified in the first action that the ring had a value of less than $5,000. This Court concluded that the circuit court was without jurisdiction and should have dismissed the action. In reaching its conclusion the Court recited the general rule that where jurisdiction is dependent upon the amount involved in the case, the question turns not upon the amount claimed or the amount actually recoverable, but upon the amount claimed and put in controversy in good faith. Obviously, the amount claimed in the circuit court action was not in good faith.
It is apparent, then, that the test for jurisdiction is twofold. In the first instance, the good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action. However, notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction. Although appellant met the first test and his action was cognizable in county court, that same court was without judicial power to enter a judgment in excess of $2,500, exclusive of costs and interest.
It should be noted that the problem encountered here is resolved as to actions at law filed on and after October 1, 1977. By chapter 77-135, Laws of Florida, effective October 1, 1977, section 34.01(1), was amended to vest jurisdiction in the county courts over actions at law in which the matter in controversy does not exceed the sum of $2,500, exclusive of interest, costs and attorneys' fees.
For the reasons stated, the order of reversal entered by the circuit court is affirmed.[1]
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, HATCHETT and ALDERMAN, JJ., concur.
OVERTON, J., dissents.
NOTES
[1] Because one of the alternatives directed on remand was transfer of the case to the Circuit Court of Hillsborough County, we would observe that, upon principles of collateral estoppel, if transfer to the circuit court is effected the circuit judge will not be precluded, in his discretion, from entering judgment on the record made in the county court.