# STATE OF FLORIDA, DEPARTMENT OF EDUCATION v CARTER, etc.

Case No. 87-3669-SP-12-B

County Court, Volusia County

June 3, 1988

## APPEARANCES OF COUNSEL

**Jeffrey S. Goldman** for plaintiff.

**Ms. Allyson K. Carter,** a/k/a Allyson Lapar, pro se.

## OPINION OF THE COURT

DARREL CARNELL, County Judge.

In its six-count complaint filed in the summary claims division of this court, plaintiff seeks to recover principal, interest, costs and attorney's fees on six separate promissory notes in the amounts of $1,250 each dated October 1, 1982, December 31, 1982, September 18, 1983, December 31, 1983, September 1, 1984 and December 31, 1984, respectively. FS § 34.01(1)(c)2 grants to county courts original jurisdiction of all actions at law in which the matter in controversy does not exceed the sum of $5,000.00, exclusive of interest, costs and attorney's fees. Circuit courts have jurisdiction if the matter in controversy exceeds that amount. FS § 26.012(2)(a).

While the maker and payee of each note are identical, each note constitutes a separate, independent and unrelated cause of action and because none of the notes exceed $5,000.00 they cannot be combined together to confer jurisdiction on the circuit court. *Burkhart v. Gowin,* 98 So. 140 (Fla. 1923); *Canonico v. Devine,* 130 So.2d 329 (Fla. 3d DCA 1961); Trawick, Fla. Pric. and Proc., § 3-4.

Although the amounts in controversy are too low to invoke circuit court jurisdiction, it does not follow that this court has jurisdiction to hear and decide each of the six separate counts of plaintiff's complaint in a single. suit. This court is powerless to enter a judgment for damages in excess of $5,000.00. *Henry's Drive-In, Inc. v. Ideal Rock Products Co.,* 140 So.2d 137 (Fla. 3d DCA 1962); *Prudential Insurance Co. v. Lamm,* 218 So.2d 219 (Fla. 3d DCA 1969); *White v. Marine Transport Lines, Inc.,* 372 So.2d 81 (Fla. 1979).

On the evidence submitted, it appears that plaintiff should ultimately recover from. defendant the aggregate principal sum of $7,500.00, plus aggregate interest of $2,049.06 as well as costs of $55.00 for a total of $9,604.06. This court obviously lacks jurisdiction to enter judgment in that amount. *White v. Marine Transport Lines, Inc., supra.* Rather, because this case was filed in the summary claims division of this court, its judgment cannot exceed $2,500.00, exclusive of interest, costs and attorney's fees. Fla.R.S.P. § 7.010(b). If plaintiff elects to dismiss all counts of its complaint excepts counts 1 and 2, the court would then have summary claims jurisdiction to enter judgment for the entire amount sought in those two counts. It is therefore

ORDERED AND ADJUDGED that plaintiff is hereby granted leave to file its voluntary dismissal as to all counts of its complaint except counts 1 and 2, such dismissal to be without prejudice to plaintiff'sright to file a separate suit or suits as to the remaining counts.

DONE AND ORDERED at Daytona Beach, Volusia County, Florida on this, the 3rd day of June, 1988.