PER CURIAM.
Appellant Bobby White faced criminal charges in five separate cases. Two eases involved felonies and were prosecuted in circuit court, while the remaining three, all theft-related misdemeanors, originated in county court. None of the offenses was connected in any way to the others. A single circuit judge, by stipulation of the parties, orally consolidated all five eases, accepted a no contest plea, and disposed of them at one hearing. The sentence represented the bottom of the guidelines “cell” (“time served” for the misdemeanors), and included a reduction of one charge from dealing in stolen property to grand theft.
Notwithstanding his having agreed to this, including the length of sentence, White appealed. The state concedes that court costs were imposed without adequate prior notice and hearing, requiring us to strike that provision of the judgment and sentence. Wood v. State, 544 So.2d 1004 (Fla.1989). Except for the cost provision the felony judgments and sentences are affirmed, as is White’s conviction for driving with a suspended license (charged in the same information as one of the felonies).
We are also asked, and are compelled, to vacate the three misdemeanor theft convictions. Because these did not “arise[] out of the same circumstances as a felony which [was] also charged,” the circuit court had no jurisdiction to dispose of them. See § 26.012(2)(d), Fla.Stat. (1989). The fact White acquiesced in the circuit court’s exercise of jurisdiction is immaterial. Worley v. State, 396 So.2d 1153 (Fla. 2d DCA 1981). The practical benefit to White of this decision is debatable, particularly since the state is free to pursue the charges at the correct level of the court system and thereby summon White back for at least one more appearance. Be that as it may, he has raised the issue and we are not at liberty to ignore it.
Affirmed in part, reversed in part, and remanded with instructions.
SCHEB, A.C.J., and DANAHY and HALL, JJ., concur.