810 So.2d 1090 (2002)
Amy C. ALLEN, individually and as Mother and next friend of Cydney Carole Walker, a minor, Enid C. Allen and W. George Allen, individually and as Grandparents and guardians by power of attorney of Cydney Carole Walker, a minor, Appellants,
v.
Kenneth C. WALKER, Hazel E. Calvet, and Harold L. Lee, Appellees.
No. 4D01-3593.
District Court of Appeal of Florida, Fourth District.
March 20, 2002.
*1091 W. George Allen of Law Office of W. George Allen, Fort Lauderdale, for appellants.
Michael T. Burke of Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, for appellee Hazel E. Calvet.
GROSS, J.
This case involves a final judgment granting separate motions to dismiss filed by the three defendants below. We affirm as to one defendant, but reverse as to the remaining defendants, because the trial court had personal and subject matter jurisdiction over the defendants and venue was proper in Broward County.
Hazel Calvet was an elementary school principal. Cydney Walker was a child enrolled at the school. The child's grandparents gave "specific, written instructions" to the school's administrators concerning who was permitted to pick Cydney up from school. Calvet released the child to the child's father, Kenneth Walker, who had come to the school with private investigator Harold Lee and an order from a Georgia court awarding him "full legal and physical custody." Neither Walker nor Lee was on the grandparents' list.
As to appellee Calvet, we affirm the dismissal. The complaint did not state a cause of action against Calvet. The complaint fails to allege that Calvet knew or should have known of the "unlawful" nature of Cydney's restraint when faced with the court order. Also, the facts as pled fell short of intentional infliction of emotional distress, since there was no conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So.2d 277, 278-79 (Fla. 1985) (quoting the RESTATEMENT (SECOND) OF TORTS § 46 (1965)).
The trial court dismissed the case against defendant Lee based on improper venue. An action may be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. See § 47.011, Fla. Stat. (2001); St. Laurent v. Resort Mktg. Assocs., Inc., 399 So.2d 362, 363 (Fla.1981). "Under Florida law, the plaintiff's choice of venue is usually favored if the election is one which has been properly exercised under the applicable statutes." Houston v. Caldwell, 359 So.2d 858, 860 (Fla.1978), receded from on *1092 other grounds by Kinney Sys., Inc. v. Cont'l Ins. Co., 674 So.2d 86 (Fla.1996). Here, although Lee resided in Duval County, the facts giving rise to the cause of action occurred in Broward County. Therefore, venue was properly laid in Broward County.
Lee's challenge to venue contends that because "some of the tortious acts complained of were transitory in nature," venue "is proper in the county where the defendant resides." In Wincor v. Cedars Healthcare Group, this court held that, for venue purposes, a tort claim accrues
where the last event necessary to make the defendant liable for the tort took place. The last event occurred when the harmful force, set in motion by the defendant's negligence, first took effect on the body or property of the plaintiff. Thus, a claim for tort arose where the harmful force took effect, or where the plaintiff suffered injury.
695 So.2d 924, 925 (Fla. 4th DCA 1997) (quoting Tucker v. Fianson, 484 So.2d 1370, 1371 (Fla. 3d DCA 1986)). "In other words, a tort accrues where the plaintiff first suffers injury." Wincor, 695 So.2d at 925 (quoting Williams v. Goldsmith, 619 So.2d 330, 332 (Fla. 3d DCA 1993)).
Here, the plaintiffs first suffered their injury in Broward County when Walker and Lee allegedly kidnapped Cydney from her elementary school. Although Cydney may have suffered ongoing injury while being transported back to Georgia, this does not change the fact that the case "accrued" in Broward County within the meaning of section 47.011. Venue was proper in Broward County despite the fact that the defendant's tortious conduct may have continued into other counties. Wincor, 695 So.2d at 925; see also Gaboury v. Flagler Hosp., Inc., 316 So.2d 642, 644 (Fla. 4th DCA 1975) (finding venue of wrongful death suit proper in county where wrongful acts took place, although decedent was released and continued into another county where she died).
The trial court dismissed the complaint against Walker based on lack of personal and subject matter jurisdiction. For purposes of personal jurisdiction, a person who commits a tortious act within Florida submits himself to the jurisdiction of Florida courts. See § 48.193(1)(b), Fla. Stat. (2001); Godfrey v. Neumann, 373 So.2d 920, 922 (Fla.1979). Here, the complaint alleges that Walker committed tortious acts while being physically present in the state. In addition, he was personally served with process less than three weeks after the filing of the complaint against him. There is no reason why the trial court did not have personal jurisdiction over Walker, and, thus, dismissal on those grounds was error.
For purposes of subject matter jurisdiction, the circuit courts of Florida have jurisdiction over any action at law in which the matter in controversy exceeds $15,000, exclusive of interest, costs, and attorney's fees. See Art. V, § 20(c)(3), Fla. Const.; §§ 26.012(2)(a), 34.01(1)(c)4., Fla. Stat. (2001). Here, the complaint sought damages in excess of $15,000. Therefore, the circuit court had proper jurisdiction over the subject matter of the claim.
Affirmed in part, reversed in part.
STEVENSON and HAZOURI, JJ., concur.