990 So.2d 684 (2008)
Michael A. HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2333.
District Court of Appeal of Florida, Second District.
September 19, 2008.
James Marion Moorman, Public Defender, and J.C. Hill, Special Assistant Public Defender, Bartow, for Appellant.
*685 Bill McCollum, Attorney General, Tallahassee, and Chandra W. Dasrat, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Michael A. Hicks appeals the judgments and sentences imposed after a jury found him guilty of aggravated assault on a law enforcement officer and he pleaded nolo contendere to possession of less than twenty grams of marijuana.[1] We affirm without discussion the conviction for aggravated assault on a law enforcement officer, but we reverse the conviction for possession of less than twenty grams of marijuana because the circuit court lacked jurisdiction to adjudicate this misdemeanor offense.
The State filed an information in circuit court that charged Mr. Hicks with one count of aggravated assault on a law enforcement officer, a second-degree felony, sections 784.021, .07(2)(c), Florida Statutes (2005), and possession of less than twenty grams of marijuana, a first-degree misdemeanor, section 893.13(6)(b), Florida Statutes (2005). The record reflects that the felony occurred on April 26, 2006, but the misdemeanor relates to marijuana found on Mr. Hicks when he was arrested on May 3, 2006. Nevertheless, the circuit court accepted Mr. Hicks' nolo contendere plea to possession of marijuana and imposed a sentence for the misdemeanor after a jury had found Mr. Hicks guilty of the felony.
The circuit court's jurisdiction over misdemeanors is limited to those misdemeanors arising out of the same circumstances as any felonies charged in the same charging document. Art. V, 20(c)(3), Fla. Const.; 26.012(2)(d), Fla. Stat. (2005). Mr. Hicks was charged with a misdemeanor that did not arise out of the same circumstances as the felony charged in the same information because the charges of possession of marijuana and aggravated assault on a law enforcement officer were based on distinct offenses that occurred on different dates. See Izquierdo v. State, 890 So.2d 1263, 1265 (Fla. 5th DCA 2005). Although Mr. Hicks voluntarily pleaded to the misdemeanor, this fact is not dispositive because a defendant cannot confer subject matter jurisdiction on the circuit court by waiver or consent. Worley v. State, 396 So.2d 1153, 1154 (Fla. 2d DCA 1981); Izquierdo, 890 So.2d at 1266. Consequently, the circuit court lacked jurisdiction to adjudicate the misdemeanor, White v. State, 568 So.2d 1318, 1319 (Fla. 2d DCA 1990), and Mr. Hicks' conviction for possession of marijuana is void, see State v. Coble, 704 So.2d 197, 199 (Fla. 4th DCA 1998).
Accordingly, we affirm Mr. Hicks' judgment and sentence for aggravated assault on a law enforcement officer, but we reverse his judgment and sentence for possession of less than twenty grams of marijuana. On remand, the circuit court shall vacate the judgment and sentence for marijuana possession because it lacked jurisdiction over the misdemeanor offense. See White, 568 So.2d at 1319.
Affirmed in part, reversed in part, and remanded with instructions.
SILBERMAN, J., and CANADY, CHARLES T., Associate Judge, Concur.
NOTES
[1] Mr. Hicks' appellate counsel originally filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because we determined that an issue of potential merit existed concerning the circuit court's acceptance of Mr. Hicks' plea for the misdemeanor offense, we ordered supplemental briefing in accordance with Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).