MORRIS, Judge.
Jeremy Ingraham appeals his convictions and sentences of probation for the felony offense of making a false statement in obtaining a driver’s license and the misdemeanor offenses of obstructing or opposing an officer without violence, driving under the influence, and driving while license suspended or revoked. We affirm the felony conviction and sentence without comment, but we reverse the misdemeanor convictions and sentences.
Ingraham argues, the State concedes, and we agree that the circuit court did not have subject matter jurisdiction over the misdemeanors because the misdemeanors did not arise out of the same circumstances as the felony. See Hicks v. State, 990 So.2d 684, 685 (Fla. 2d DCA 2008) (“The circuit court’s jurisdiction over misdemeanors is limited to those misdemeanors arising out of the same circumstances as any felonies charged in the same charging document.” (citing Art. V, § 20(c)(3), Fla. Const.; § 26.012(2)(d), Fla. Stat. (2005))). The felony was committed between 2006 and 2008, while the misdemeanors occurred during a traffic stop in 2011. And the fact that Ingraham acquiesced to the circuit court’s jurisdiction is irrelevant as subject matter jurisdiction cannot be conferred by agreement or failure to object. See Hicks, 990 So.2d at 685; State v. Yaros, 728 So.2d 1201, 1202 (Fla. 2d DCA 1999); White v. State, 568 So.2d 1318, 1319 (Fla. 2d DCA 1990).
Accordingly, the misdemeanor convictions and sentences are void, and we reverse the misdemeanor convictions and sentences and remand for further proceedings in the correct court. See White, 568 So.2d at 1319 (“The practical benefit to [appellant] of this decision is debatable, particularly since the state is free to pursue the charges at the correct level of the court system and thereby summon [appellant] back for at least one more appearance.”).
Affirmed in part; reversed in part; remanded.
VILLANTI and LaROSE, JJ., Concur.