NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD EUGENE BARLOW,                    )
                                          )
            Appellant,                    )
                                          )
v.                                        )    Case No. 2D13-6150
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
              .                           )
_____      )

Opinion filed July 29, 2015.


Appeal from the Circuit Court for
Hillsborough County; Samantha L.
Ward, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard P. Albertine, Jr., Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.


        Richard Barlow was tried in circuit court on one felony charge and two

misdemeanor charges.  The jury acquitted him of one misdemeanor but convicted him

on the other two counts. We agree with Barlow's assertion that the circuit court did not have subject matter jurisdiction over the misdemeanor charges. Therefore we vacate his conviction for obstructing a law enforcement officer. See White v. State, 568 So. 2d 1318 (Fla. 2d DCA 1990). We affirm on Barlow's other points and will not discuss them further.

The evidence at Barlow's trial reflected that he engaged in two separate incidents of alleged criminal activity on the same day. On that morning, sheriff's deputies happened upon Barlow as he attempted to move a pickup truck off some railroad tracks. Barlow told the deputies that the truck had been stolen from him and that he had just discovered it sitting on the tracks. The deputies instructed him to move the truck off the tracks and to wait for them at the end of the road while they continued their investigation. Instead, Barlow climbed into the truck and drove away. This incident was the basis for the two misdemeanor charges, giving a false report to a law enforcement officer, § 837.05(1), Fla. Stat. (2013), and obstructing a law enforcement officer without violence, § 843.02, Fla. Stat. (2013).

That afternoon a man telephoned authorities to report someone driving a truck in circles in a neighbor's pasture. Different sheriff's deputies investigated this report. When they arrived, they observed that part of the fence enclosing the pasture had been knocked down. They also found Barlow and his truck, as well as some grazing bulls, inside the fenced area. The felony charge, breaking or injuring fences used to contain animals, § 810.115(2), Fla. Stat. (2013), was based on this episode.

The circuit court's jurisdiction over misdemeanors is limited to those that "aris[e] out of the same circumstances as a felony which is also charged." § 26.012(1)(d), Fla. Stat. (2013); see also art. 5, § 5(b), Fla. Const. We note that some cases consider the temporal relationship between the felonies and the misdemeanors, but we do not find that factor, in itself, dispositive. Rather we must examine the circumstances from which the charges arose. See Ingraham v. State, 122 So. 3d 934 (Fla. 2d DCA 2013) (noting that years elapsed between the commission of the felony and the misdemeanors, but relying on the fact that the defendant's misdemeanors, including driving under the influence and driving while his license was suspended or revoked, did not arise out of the same circumstances as his felony charge for making false statements in obtaining a driver's license); Hicks v. State, 990 So. 2d 684 (Fla. 2d DCA 2008) (stating that the charge of misdemeanor possession of marijuana, which was discovered when Hicks was arrested on a felony charge of aggravated assault on a law enforcement officer, did not arise from the same circumstances as the felony, and noting that the arrest was made a week after the assault was committed).

Here, although Barlow and his truck were implicated in both incidents giving rise to the felony charge and the misdemeanor charges, the charges stemmed from two separate and wholly unrelated sets of circumstances. The circuit court had jurisdiction over the felony, but it lacked jurisdiction over the misdemeanors. We vacate Barlow's conviction for obstructing a law enforcement officer without violence.

Affirmed in part; misdemeanor conviction vacated.

CASANUEVA and BLACK, JJ., Concur.

-3-