DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

EDWARD ROY KNOWLES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1253
_____

February 19, 2025

Appeal from the County Court for Pinellas County; Robert G. Dittmer,
Judge.

Christopher M. Sierra of Christopher M. Sierra, P.A., Largo, for
Appellant.

James Uthmeier, Attorney General, Tallahassee, and Taylor A. Schell,
Assistant Attorney General, Tampa, for Appellee.


LABRIT, Judge.

This appeal raises a straightforward but seemingly unanswered
question: whether a county court may order restitution in a
misdemeanor case in an amount that exceeds the "matter in controversy"
limits for "actions at law" under section 34.01(1)(c), Florida Statutes
(2023).  Based on a plain reading of the statute, we answer this question
in the affirmative, and we affirm the county court order requiring Edward
Roy Knowles to pay $60,613 in restitution.

Without question, "the county courts of Florida are courts of limited jurisdiction." *White v. Marine Transp. Lines, Inc.*, 372 So. 2d 81, 82 (Fla. 1979). Their jurisdiction is prescribed by law, *see* art. V, § 6(b), Fla. Const., and section 34.01(1) lists four classes of cases over which a county court may preside. It states:

> (1) County courts shall have original jurisdiction:
>
> (a) In all misdemeanor cases not cognizable by the circuit courts.
>
> (b) Of all violations of municipal and county ordinances.
>
> (c) Of all actions at law, except those within the exclusive jurisdiction of the circuit courts, in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees:
>
> 1. If filed on or before December 31, 2019, the sum of $15,000.
>
> 2. If filed on or after January 1, 2020, the sum of $30,000.
>
> 3. If filed on or after January 1, 2023, the sum of $50,000.
>
>     . . . .
>
> (d) Of disputes occurring in the homeowners' associations as described in s[ection] 720.311(2)(a), [Florida Statutes,] which shall be concurrent with jurisdiction of the circuit courts.

§ 34.01(1).

Pertinent here, section 34.01 distinguishes between "misdemeanor cases" in subsection (1)(a) and "actions at law" in subsection (1)(c). It also uses different language in each subsection to establish the jurisdictional boundaries for each type of case. *See id.* Subsection (1)(a), for example, vests county courts with jurisdiction over misdemeanor cases, but only if such cases are "not cognizable by the circuit courts." § 34.01(1)(a); *cf.* § 26.012(2)(d), Fla. Stat. (2023) (providing that circuit courts have "exclusive original jurisdiction . . . [o]f all felonies and of all

misdemeanors arising out of the same circumstance as a felony which is also charged").  Subsection (1)(c), on the other hand, grants county courts jurisdiction over "actions at law," but only if the "matter in controversy" does not exceed certain monetary amounts.  § 34.01(1)(c).  These monetary constraints appear only in subsection (1)(c), and nothing in subsection (1)(a) limits the restitution a county court may impose in a misdemeanor case that falls within its jurisdiction.  *See* § 34.01(1); *see also State v. Marks Marks, P.A.*, 698 So. 2d 533, 541 (Fla. 1997) ("The legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended.").

This has to be the case.  A misdemeanor case unaccompanied by a related felony charge must be brought in county court.  *See* § 34.01(1)(a); § 26.012(2)(d); *see also Barlow v. State*, 171 So. 3d 777, 778 (Fla. 2d DCA 2015) (reversing misdemeanor conviction in circuit court because circuit court did not have jurisdiction over misdemeanor charge); *White v. State*, 568 So. 2d 1318, 1319 (Fla. 2d DCA 1990) (same).  In other words, the State has no choice but to file an individual misdemeanor charge in county court, regardless of the amount of damage the defendant caused or the amount of restitution the victim might be owed.  What's more, the intent of restitution "is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system."  *Livingston v. State*, 311 So. 3d 331, 334 (Fla. 2d DCA 2021) (quoting *Spivey v. State*, 531 So. 2d 965, 967 (Fla. 1988)).  It would wholly undermine this intent for our laws to mandate that the State file a misdemeanor case in county court, only to then preclude that court from ordering restitution if the damage or loss the defendant caused exceeded a certain amount.

Here, the State charged Mr. Knowles with one count of unlicensed contracting—a misdemeanor under section 489.127(2)(a), Florida Statutes (2023).  Mr. Knowles was tried and convicted in county court, and the court ordered him to pay the victim $60,613 in restitution. These actions were within the county court's jurisdiction and authority, *see* § 34.01(1)(a); § 775.089(1)(a), Fla. Stat. (2023), and the monetary limits of section 34.01(1)(a) simply do not apply in this case.[1]

Affirmed.

BLACK and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[1] We recognize Mr. Knowles' reliance on our decision in *Exquisite Carpet & Interiors, Inc. v. Martinez*, 353 So. 3d 683 (Fla. 2d DCA 2022). There, we applied the longstanding principle that "[a] county court judgment that exceeds the county court's prescribed jurisdictional limits is void." *Id.* at 685 (citing *White*, 372 So. 2d at 83).  But *Exquisite Carpet* was a civil action for damages that was subject to the monetary limits of section 34.01(1)(c).  *See id.* at 684–85.  Not so for Mr. Knowles' misdemeanor case brought pursuant to section 34.01(1)(a).  As our supreme court has recognized, "[c]ivil damages and criminal restitution are distinct remedies," *Kirby v. State*, 863 So. 2d 238, 244 (Fla. 2003), and this distinction renders Mr. Knowles' reliance on *Exquisite Carpet* misplaced.