# Third District Court of Appeal

## State of Florida

Opinion filed March 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1009
Lower Tribunal No. 18-CC-000010-M
_____

**Florida Keys Towing, Inc., etc.,**
Appellant,

vs.

**CarMax Auto Superstores, Inc., etc.,**
Appellee.

An Appeal from the County Court for Monroe County, James W. Morgan III, Judge.

Hershoff, Lupino & Yagel, LLP, and Matthew O. Hutchinson, for appellant.

Legon Fodiman & Sudduth, P.A., and Todd A. Fodiman and Jeffrey A. Sudduth, for appellee.

Before FERNANDEZ, SCALES and LOBREE, JJ.

PER CURIAM.

Florida Keys Towing, Inc. appeals a final judgment entered in favor of

CarMax Auto Superstores, Inc. ("CarMax") in an action arising from a vehicle lien claim by Florida Keys Towing for towing and service charges. As the judgment exceeded the county court's prescribed jurisdictional limits, we find the judgment void and reverse with instructions that it be vacated. Because the judgment is void, we decline to address Florida Keys Towing's remaining arguments on appeal.

## BACKGROUND

In February 2017, CarMax purchased a 2014 Mercedes-Benz C250 (the "vehicle") from an auction in California. Brittany Sirignano purchased the vehicle from CarMax the following month, but due to paperwork issues, Sirignano was not issued a title to the vehicle and CarMax remained the registered owner of the vehicle. On December 6, 2017, a Monroe County Sheriff's Deputy pulled over Sirignano in Marathon, Florida, for driving with an expired temporary California tag. Although the Deputy did not issue a citation, he informed Sirignano that she could not continue driving the vehicle with expired temporary tags.

The Deputy called Florida Keys Towing, who promptly filled out a towing ticket and towed the vehicle to Florida Keys Towing's premises in Marathon. Thereafter Florida Keys Towing searched for the vehicle's registered owner through its lien agent, Auto Data Direct ("ADD"), but ADD

reported it could not find any record for the vehicle. The day after the vehicle was towed, a representative from CarMax contacted Florida Keys Towing and advised it that CarMax was claiming an interest in the vehicle as the registered owner.

On December 11, 2017, Florida Keys Towing delivered a "Good Faith Letter" to the Monroe County Sheriff's Office requesting ownership information on the vehicle. Two days later, the sheriff's office prepared a document which identified the registered owner of the vehicle as CarMax. On December 15, 2017, Florida Keys Towing provided this information to ADD in order for it to send notice to CarMax by certified mail.

Three days later, ADD prepared a notice of claim of lien identifying CarMax as the vehicle's owner indicating that unless the storage and towing fees were redeemed by payment to Florida Keys Towing, the vehicle would be sold at auction on January 13, 2018. ADD attempted to send the notice to CarMax by certified mail the next day, but CarMax never received it. No notice was sent to Sirignano. Notice of the sale was then published in the "Keynoter" newspaper on December 23, 2017. Throughout this time, Florida Keys Towing was still in communication with the CarMax representative who contacted it on December 7, 2017, but Florida Keys Towing did not discuss the pending auction with CarMax's representative. The public auction on the

vehicle was held on January 13, 2018, but there were no bidders. Florida Keys Towing then applied for and was issued a Florida title for the vehicle.

CarMax filed suit in the county court after Florida Keys Towing refused to return the vehicle asserting, in relevant part, that Florida Keys Towing failed to provide proper notice of the lien and proposed sale date. Florida Keys Towing filed an answer and raised affirmative defenses. After engaging in discovery, CarMax moved for summary judgment, which the county court denied.

The matter proceeded to a one-day bench trial in August 2022. On March 29, 2023, the county court issued its findings of fact and conclusions of law. On April 4, 2023, the county court entered final judgment in CarMax's favor, awarding it $20,000 (the value of the vehicle) plus prejudgment interest. This appeal followed.

## ANALYSIS

On appeal, Florida Keys Towing argues the trial court's $20,000 judgment in favor of CarMax exceeded its jurisdictional limit as a county court and is therefore void. "Determining whether a judgment is void poses a question of law that we review de novo." Peaceful Paws Mem'l Servs. LLC v. Tarves, 368 So. 3d 503, 506 (Fla. 3d DCA 2023) (quoting Regions Bank v. Big Bend Invs. Grp. of Fla., LLC, 311 So. 3d 181, 184 (Fla. 2d DCA 2020)).

Article V, section 6(b) of the Florida Constitution provides that "[t]he county courts shall exercise the jurisdiction prescribed by general law." At the time this action was filed, the county court had original jurisdiction over "[a]ll actions at law in which the matter in controversy does not exceed the sum of $15,000, exclusive of interest, costs, and attorney's fees . . . ." § 34.01(1)(c), Florida Statutes (2017).

CarMax agrees that the final judgment exceeds $15,000 but argues the county court nevertheless had subject matter jurisdiction over this case because section 713.78, Florida Statutes (2017), explicitly provides that towing actions be filed in county court. CarMax asserts that its action is therefore a creature of statute and must be strictly construed pursuant to the plain language of the statute. See Dwork v. Exec. Ests. of Boynton Beach Homeowners Ass'n, Inc., 219 So. 3d 858, 861 (Fla. 4th DCA 2017) ("The Florida Supreme Court has held that liens which are 'purely creatures of statute' can only be acquired, created, or attached to property if the statutes from which they derive are strictly followed.").

The plain language of section 713.78 does provide that "[t]he owner of a vehicle or vessel . . . *may file a complaint in the county court* of the county in which the vehicle or vessel is stored to determine whether her or his property was wrongfully taken or withheld." § 713.78(5)(a), Fla. Stat. (2017)

5

(emphasis added); see also § 713.78(6)), Fla. Stat. (2017) ("The owner or lienholder *may file a complaint* after the vehicle or vessel has been sold *in the county court* of the county in which it is stored.") (emphasis added). We note, however, that section 713.78 merely states that an owner "may" file a complaint in the county court. "When interpreting a statute, 'shall' is generally read as being mandatory while 'may' suggests a permissive term." Est. of Johnson ex rel. Johnson v. Badger Acquisition of Tampa LLC, 983 So. 2d 1175, 1181 n.3 (Fla. 2d DCA 2008). This language therefore simply permits an owner to file a complaint in the county court, not—as CarMax suggests—that an owner may file a complaint *only* in the county court.

Further, regardless of this statutory language, "the county courts of Florida are courts of limited jurisdiction." Knowles v. State, No. 2D2024-1253, 2025 WL 542503, at *1 (Fla. 2d DCA Feb. 19, 2025) (quoting White v. Marine Transp. Lines, Inc., 372 So. 2d 81, 82 (Fla. 1979)). Pursuant to well-established Florida law:

> the test for jurisdiction is twofold. In the first instance, the good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action. However, notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction.

6

White, 372 So. 2d at 84; see also Louisville & N.R. Co. v. Sutton, 44 So. 946, 948 (Fla. 1907) ("If the judgment is an adjudication of a demand or damages claimed or penalty that exceeds [the county court's jurisdictional limit] . . . , the county judge had no judicial power to enter the judgment, and it is void."); Thompson v. Thompson, 342 So. 3d 818, 820 (Fla. 3d DCA 2022) (noting case filed in county court is only properly filed in county court "as long as the amount in controversy requirement is met").

Thus, while CarMax may have properly filed this case in county court and the county court may have had the ability to entertain the action pursuant to section 713.78(6), once the county court determined that CarMax's damages exceeded $15,000, the matter should have been transferred to the circuit court. Hernando Cnty. v. Morana, 979 So. 2d 276, 278 (Fla. 5th DCA 2008) ("The circuit court has jurisdiction of all matters when the amount in controversy exceeds $15,000."); Allen v. Walker, 810 So. 2d 1090, 1092 (Fla. 4th DCA 2002) ("For purposes of subject matter jurisdiction, the circuit courts of Florida have jurisdiction over any action at law in which the matter in controversy exceeds $15,000, exclusive of interest, costs, and attorney's fees.").

Accordingly, the county court's $20,000 judgment in favor of CarMax is void. See Exquisite Carpet & Interiors, Inc. v. Martinez, 353 So. 3d 683,

685 (Fla. 2d DCA 2022) ("A county court judgment that exceeds the county court's prescribed jurisdictional limits is void."); Louisville & N.R. Co., 44 So. at 948 ("A judgment entered for an amount in excess of the amount over which the court has jurisdiction is void."); Quinones v. Quinones, 569 So. 2d 884, 885 (Fla. 3d DCA 1990) ("Without jurisdiction over the subject matter, the judgment was void."); State Farm Fla. Ins. Co. v. Roof Pros Storm Div., Inc., 346 So. 3d 163, 165 (Fla. 5th DCA 2022) ("A lack of subject-matter jurisdiction renders a judgment void.").

As the judgment is void, the proper course is to remand the case with instructions to vacate the void judgment and for further proceedings. See Exquisite Carpet, 353 So. 3d at 685; Altomare v. Boca W. Country Club, Inc., 396 So. 3d 412, 413 (Fla. 4th DCA 2024); DNA Ctr. for Neurology & Rehab. v. Progressive Am. Ins. Co., 13 So. 3d 74, 75 (Fla. 5th DCA 2009). Upon remand, should the county court determine the amount in controversy (exclusive of interest, costs, and attorney fees) exceeds the prescribed jurisdictional limit of $15,000, it should transfer this action to the circuit court.

Reversed and remanded with instructions.