# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1824
LT Case No. 05-2020-CC-55261

_____

RENEWPRO INC.,

    Appellant,

    v.

ANALIA M. CARBO,

    Appellee.

_____

On appeal from the County Court for Brevard County.
Kathryn C. Jacobus, Judge.

Adrian Middleton, of Middleton & Middleton, P.A., Tallahassee,
for Appellant.

Stephen Biggie, of Stephen Biggie, Esq., Melbourne, for Appellee.

March  28, 2025


WALLIS, J.

    Appellant, Renewpro, Inc., appeals an order granting final summary judgment in favor of Appellee, Analia Carbo. Appellant argues that the county court lacked subject matter jurisdiction to enter the order.  We agree and reverse.

    Appellant and Appellee entered into an agreement wherein Appellee agreed to pay Appellant $10,867.27 and, in exchange,

Appellant would repair Appellee's roof with a one-year warranty on repairs. After Appellant performed the work, Appellee's roof began to leak and Appellant refused to repair the leak under the terms of the warranty.

Appellee's county court complaint alleged that the cause of action "exceeds $8,000.00 exclusive of fees and costs, but does not exceed $30,000.00 exclusive of fees and costs." The court later granted Appellee's motion for summary judgment, specifically finding that it had jurisdiction because "the original amount sought in litigation fell within the jurisdictional limits of County Court." However, the county court awarded Appellee $50,600 in damages, exclusive of interest, costs, and attorney's fees.

On appeal, Appellant claims that the trial court lacked subject matter jurisdiction to enter the order because the damages awarded exceeded the county court's jurisdictional limit. When this action was filed, the county court had jurisdiction over actions at law "in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney's fees . . . the sum of $30,000." § 34.01(1)(c)2., Fla. Stat. (2021).[1] The Florida Supreme Court has explained the test for jurisdiction as follow:

> It is apparent, then, that the test for jurisdiction is twofold. In the first instance, the good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action. However, notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction.

*White v. Marine Transp. Lines, Inc.*, 372 So. 2d 81, 84 (Fla. 1979). A judgment in excess of the county court's jurisdictional limit is void. *Louisville & N.R. Co. v. Sutton*, 44

---

[1] For county court actions filed after January 1, 2023, the jurisdiction limit is $50,000. § 34.01(1)(c)3., Fla. Stat. (2021).

So. 946, 948 (Fla. 1907); *Exquisite Carpet & Interiors, Inc. v. Martinez*, 353 So. 3d 683, 685 (Fla. 2d DCA 2022).

Here, Appellee's allegations in the complaint met the first step of the analysis in *White*. However, because the county court entered a judgment for damages exceeding its jurisdictional limit of $30,000, exclusive of fees and costs, the judgment was void. *See White*, 372 So. 2d at 84; *Louisville & N.R. Co.*, 44 So. at 948; *Exquisite Carpet & Interiors, Inc.*, 353 So. 3d at 685. Accordingly, we reverse and remand for further proceedings. "[I]f the county court determines that the amount in controversy (exclusive of interest, costs, and attorney fees) exceeds the prescribed jurisdictional limit . . . the county court should transfer this action to the circuit court." *Exquisite Carpet & Interiors, Inc.*, 353 So. 3d at 685.

REVERSED AND REMANDED WITH INSTRUCTIONS.

SOUD and BOATWRIGHT, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

3